### GOODLOE vs. N. AND B. HART.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW ORLEANS.

The purchaser of slaves who has given his note in payment cannot prove a condition different from that expressed in the deed of conveyance.

Nor can he prove by parol that a condition was added by consent of parties after the conveyance was executed.

The privilege conferred by the 2498th article of the Louisiana Code is an exception to the general rule, and cannot be extended beyond the case provided for.

The defendants, N. & B. Hart, sued on a promissory note by the plaintiff, the payee, alleged it formed part of the consideration in a purchase of slaves, which the plaintiff guarantied should not abscond or prove sickly.

The notarial act showing no such condition as that contended for. The defendants offered H. M. Shiff to shew that such was the condition. To his admission the plaintiff objected, which being sustained, the defendant excepted. Judgment against the defendants, and they appealed.

*Lockett,* for appellant.

The judge below erred in refusing to admit the evidence offered by defendants as stated in their bill of exceptions, in support of their defence.

*Preston*, for appellee, relied on art *L. C.* 2856.

*Porter, J.*, delivered the opinion of the court.

The action is brought on a promissory note executed by the defendants, in favour of the plaintiff, for $500, payable twelve months after date.

The defendants plead that they purchased from the plaintiff twelve slaves, for which they gave their note for $5500, endorsed by one Shiff, together with the obligation now sued on, and that the latter was given on the express condition that the slaves should not run away for twelve months. They aver that two of the slaves did run away; that one of them was caught and returned to the defendants, and that the other has not since been heard of.

They further plead that a portion of the slaves were afflicted with redhibitory defects.

The cause was submitted to a jury, in the court below, who found for the plaintiff. The defendants appealed.

The defendants produced in evidence the bill of sale of the slaves, by which it appeared that there was no warranty such as that spoken of in the answer, in relation to the note sued on. But this bill of sale shows that the consideration for the purchase was the sum of $5375 in cash, not $6000 in notes, as stated in the answer.

The defendants then offered a deposition of a witness to prove that the note now sued on, was given on the condition that it should be void and of no effect, in case any of the slaves, mentioned in the bill of sale, should run away, abscond or prove sickly. The plaintiff objected to this testimony, on the ground that it was contrary to the written contract, and the court sustaining the objection, the defendants excepted.

They contend that this note was distinct and separate from the contract of sale. That the obligation of warranty therein expressed, is limited to the price mentioned in the deed, and does not apply to this agreement, which, though

flowing from the purchase of the slaves, did not make a part of it.

Supposing this position to be tenable, of which doubt may well exist, we think the defendants are precluded from the benefit of it, by the averment in their answer, that this note, together with one endorsed by Shiff, for $ 5500, formed the consideration on which the plaintiff sold them the slaves. The difference between the sum mentioned in the answer, and that expressed in the conveyance, is easily accounted for, by reducing the notes which were not due for some time, to their amount in cash value—a circumstance of very common occurrence.

The purchaser of slaves who has given his note in payment cannot prove a condition different from that expressed in the deed of conveyance.

The question then presents itself whether the purchaser of slaves, who has given his note in payment, can prove a condition different from that expressed in the deed of conveyance. We think he cannot. It has been contended that this agreement was made after the purchase was concluded, but admitting to be so, the effect of it is to add to the obligations of the vender. If the note made a part of the consideration of the slaves, and they were sold with the ordinary warranty, the attempt is to add something to the original contract, or to change it.

Now this cannot be done. The code says all transfers of slaves shall be in writing, and parol evidence shall not be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.—*La. Code,* 2255, 2256.

This prohibition extends as well to agreements in relation to the purchase money, or the payment, by which the obligations of the vender are increased, as to any thing else. The written contract made him responsible for redhibitory defects, the parol agreement subsequently entered into, was to make him accountable for something more.

It was urged that a want of consideration could only be proved by parol. This, in many, perhaps the greater num-

ber of instances, is true ; but the rule is obviously subject to another; that you cannot prove a greater or different consideration than that you have expressed in writing.

Lastly, it was urged that by the 2498th article of the Louisiana Code, the seller could give testimonial evidence of the latent defects which he had declared at the time of sale, and that the same privilege of introducing parol proof should be given, in this instance, to the defendants. To this position, the answer given at the bar is satisfactory and conclusive. It is an exception to the general rule, and cannot be extended beyond the case provided for.

On the merits, we do not perceive that the jury and court below have erred; and it is, therefore, ordered and decreed, that the judgment appealed from be affirmed with costs.

Eastern District,
June 1831

GOODLOE
vs.
HART.

Nor can he prove by parol that a condition was added by consent of parties after the conveyance was executed.

The privilege conferred by the 2498th article of the Louisiana Code is an exception to the general rule, and cannot be extended beyond the case provided for.