**DELAHOUSSAYE'S HEIRS vs. DAVIS'S WIDOW AND HEIRS.**

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARY, THE JUDGE OF THE SEVENTH PRESIDING.

WESTERN DIS.
September,1841.

DELAHOUSSAYE'S
HEIRS
vs.
DAVIS'S WIDOW
AND HEIRS.

Where land is alleged to have been conveyed with a view to give the vendee an apparent title, to enable him to recover in a petitory action ; that the vendors were to have one-half when recovered; and that no price was really paid; such a stipulation can only be shown by counter-letter, and cannot be proved by parol evidence.

A simulation not fraudulent cannot be proved by parol, as between the parties; and if fraudulent as to both parties, the law gives no action to enforce such contracts.

|   |  |  |
|---|---|---|
| 19 | 409 |  |
| l110 | 618 |  |
| 19 |  | 409 |
| f122 |  | 793 |

The plaintiffs allege that they are the heirs and legal representatives of Louis Peltier Delahoussaye, deceased, and as such are the real owners and proprietors of a tract of land situated at a place called " *Chicot Noir*," containing 60 arpents front on the bayou Têche, opposite Prevot's plantation, now in the possession and claimed by the heirs of Ramos Davis. They further allege that they derive title from the Spanish government, which has been recognized and confirmed by the government of the United States, and is in due form of law. They further show that the defendants are absentees, and pray that *a curator ad hoc* be appointed to represent them; and that a judgment be rendered inhibiting said defendants from setting up any title to said land.

In an amended petition the plaintiffs set out certain collusive and fraudulent transactions between the said Ramos Davis and James L. Johnson, a surveyor, by means of which the ancestor of these plaintiffs was induced to make certain sales of the land in question, and under which the defendants claim to hold; but which these petitioners allege to be null and void, as having been made and procured through the fraudulent conduct of said Davis and Johnson. They pray that Johnson's administrator be made a party, and that all these sales be annulled and the land restored to plaintiffs.

WESTERN DIS.
*September,*1841.

DELAHOUSSAYE'S
HEIRS
*vs.*
DAVIS'S WIDOW
AND HEIRS.

The *curator ad hoc* pleaded a general denial on the part of the defendants, both to the original and amended petitions; and averred that the defendants claimed the land in contest by good and valid titles in virtue of sales made to them by the original proprietors; and prayed that they be quieted in the possession and enjoyment of said land.

Upon these pleadings and issues the cause was tried.

The plaintiffs offered to prove by witnesses the simulation, fraud and collusion alleged; which testimony was rejected on the opposition of defendants' counsel as inadmissible, and a bill of exceptions taken. The defendants produced titles, legal in their form, in support of their claim to the land in contest.

On the testimony adduced, the judge presiding was clearly of opinion the defendant made out a good title and gave judgment in their favor. From this judgment the plaintiffs appealed.

*Voorhies,* for the plaintiffs and appellants.

*Maskell & T. H. Lewis,* for the appellees.

*Bullard, J.* delivered the opinion of the court.

The plaintiffs in their original petition assert title in themselves as heirs of L. P. Delahoussaye to a tract of land on the Têche, commonly called the *Chicot Noir,* long in controversy between the ancestor of the defendants, and the heirs of Prevost; see 12 Martin, 445; 1 Martin, N. S., 650; and which he ultimately recovered by a judgment of this court. An answer was filed setting up title in the defendants. After the suit had been pending more than two years, the plaintiffs filed a supplemental petition in which they allege that the acts of alienation of said land executed by them and their ancestor in favor of the defendants are null and not obligatory. That it is true that as long ago as 1817, they appear to have sold and conveyed to Dr. Ramos Davis, a part if not the whole of said tract of land, but that they have lately discovered, that the said deeds of sale were obtained from them and their ancestor by

WESTERN DIS.
September,1841.

DELAHOUSSAYE's
HEIRS
vs.
DAVIS'S WIDOW
AND HEIRS.

fraudulent means used and false representations made by Davis in conjunction with James L. Johnson. The fraudulent means used are stated to be that Davis called on them in January, 1817, and informed them that he had found certain titles to the tract of land which belonged to the petitioners, but would not disclose where they were unless the plaintiffs would convey to him one-half; the conditions to be expressed in the deed to be that $3500 was the price, although nothing was to be paid. That they offered said Davis one thousand dollars if he would disclose to them where the titles could be found, but he refused and for fear of losing all they consented to convey one-half. That afterwards the said Davis called on them again to pass another act of sale, the price of which should appear to be $8000, instead of $3500, so as to show that he had paid an adequate price. That they repeated their offer of $1000 for a disclosure of the titles, and they finally consented to pass the act, which, for these reasons is fraudulent and void. They further represent that sometime afterwards in collusion with James L. Johnson, and falsely and fraudulently represented that intending to bring a suit for the land, which suit, he alleged could not be brought in the plaintiffs' names, that it would be proper for them and their ancestor to pass another transfer of the balance of the tract in order to enable him to recover the whole tract, one-half of which, if recovered, should be for the benefit of the plaintiffs. Whereupon they executed the deed and nothing was paid. The representatives of Johnson were made parties, it being alleged that a part of the tract of land had been conveyed to James L. Johnson, who was *particeps fraudis*. The plaintiffs pray that these sales may be declared null and void, and that the whole tract may be decreed to them.

There was judgment for the defendants and the plaintiffs appealed.

The case is before us upon a bill of exceptions, from which it appears that the court rejected parol evidence to prove the facts set forth in the petition and supplemental petition, which

WESTERN DIS. are substantially set forth above. The court, in our opinion,
September, 1841. did not err. As it relates to the half of the land first convey-
DELAHOUSSAYE'S ed, even admitting all the facts alleged, there was no fraud im-
HEIRS
*vs.* putable to Davis. It is not alleged that he had not discovered
DAVIS'S WIDOW
AND HEIRS. their titles as he represented, and if they chose to give away

Where land is one-half of their land, in order to recover the evidence of title
alleged to have to the other half, they may have made a foolish bargain, but
been conveyed
with a view to they come with a bad grace, twenty years afterwards, when
give the vendee
an apparent title their title thus conveyed had been declared valid, to complain
to enable him to
recover in a pe- that they had been deceived and that nothing was paid them,
titory action;
that the vendors and to recover back the land, which after a protracted litigation
were to have had been recovered by their vendee. As it relates to the other
one-half when
recovered; and half, afterwards conveyed, it is enough to remark that if it
that no price
was really paid; was conveyed for the legitimate purpose of giving to
such a stipula-
tion can only be Davis an apparent title, upon which he could maintain a
shown by coun-
ter-letter, and petitory action, with an understanding that one-half was after
cannot be prov-
ed by parol evi- recovery to be re-conveyed to the plaintiffs, and that no price
dence. really was paid; such stipulations between the parties can only

A simulation be shown by counter letter, and cannot be proved by parol.
not fraudulent
cannot be prov- A simulation not fraudulent cannot be proved by parol as be-
ed by parol, as tween the parties, and if fraudulent as to both parties, still
between the par-
ties; and if frau- less; for the law gives no action to enforce such contracts.
dulent as to both
parties, the law Whether the agreement therefore which invested Davis with
gives no action
to enforce such the title to the other half of the tract was or was not fraudulent,
contracts. parol evidence was equally inadmissible and was properly ex-
cluded.

The judgment of the District Court is therefore affirmed
with costs.