| 3 | 153 |
|----|-----|
| 46 | 130 |

## DABADIE *v.* POYDRAS, Curator.

Parol evidence is inadmissible, between the parties or their representatives, to prove a sale, evidenced by a notarial act, to have been simulated. A counter-letter, or other written evidence equivalent thereto, is the only proof of simulation, admissible under such circumstances. C. C. 2256.

DABADIE.
v.
POYDRAS.

APPEAL from the District Court of Pointe Coupée, *Farrar*, J.   *Cooley*, for the appellant.   *Provosty*, for the defendant.   The judgment of the court was pronounced by

KING, J.   The plaintiff instituted this action to recover a note, which she alleges that the defendant illegally withholds from her.   Her demand was rejected in the lower court, and she has appealed.

It appears from the evidence that the plaintiff, by a notarial act, transferred to *Casimir Dabadie*, all her rights as heir in the successions of her father and mother.   Subsequently she intermarried with *Dabadie*, the vendee: but, before the settlement of the successions of the plaintiff's father and mother had been effected, *Dabadie* died.   On the settlement and partition of those successions the note in question fell to the share of the plaintiff, who received it, and delivered it for collection to the defendant *Poydras*, who is the curator of her husband's succession.   *Poydras* was examined as a witness, and stated that he has always held the note as curator since its delivery to him, and that it was inventoried among the effects of *Dabadie*.   On the trial the plaintiff offered several witnesses to prove that *Dabadie*, during his last illness, declared that the sale from the plaintiff to himself was without consideration, that he acquired nothing by the transfer, and that the rights of the plaintiff in the successions of her father and mother, purporting to be conveyed by the act, still belonged to her.   This testimony was rejected, and the plaintiff's counsel excepted.

The judge did not, in our opinion, err.   The object of the testimony offered was to contradict and destroy by parol the plaintiff's solemn written act, and to prove that the sale from herself to the deceased was simulated.   It has been repeatedly held that the fact of simulation admits of no other proof between the parties to the contract or their representatives than a counter-letter, or other evidence in writing equivalent to a counter-letter.   *Liautaud et al.* v. *Baptiste*, 3 Rob. 452, and the authorities there cited.   19 La. 412.   C. C. 2256.   5 Rob. 326.   Ib. 332.   6 Rob. 447.

It is further to be observed that this action was not instituted to annul the sale, nor is the sale alluded to in the petition.   This condition of the pleadings of itself presented an insuperable objection to the introduction even of evidence which would have been admissible in a direct revocatory action.

*Judgment affirmed.*