WM. BREWER ET AL

        VS                                          No. 8166

N. O. LAND CO.,
        Appellant.

may 22d, 1922.

Court of Appeal,
PARISH OF ORLEANS
FILED MAY 22/22

249

WM. BREWER ET AL

VS                                 No. 8166.

N. O. LAND CO.,
       Appellant.

CHARLES F. CLAIBORNE, JUDGE.

This is a suit by three purchasers against their vendor for reimbursement of the price paid, on the ground that the vendor had no title to the lots sold.

By three acts dated November 6th, 1914 the defendant Company sold to the three plaintiffs herein lots 11, 12, 13, 14, 15 and 16 of Square 286 on the map of defendant Company, measuring each 25' front on Conti Boulevard by 122' deep, in the square bounded by Vicksburg, French, and Germain Streets. According to said three acts, the price of sale to each one of the three plaintiffs was Five Hundred Dollars cash or Fifteen Hundred Dollars for the three. Subsequent to said sales, the Supreme Court of this State, in the cases of the Leader Realty Co. vs Lake View Land Co. and same vs New Orleans Land Co., 133 La. 646, 142 La. 169 and 248 U. S. 550, decided that these lots were the property of Leader Realty Co. Hence this suit. See also the cases of Leader Realty Co. vs Lake View and N. O. Land Co. No. 19456, Supreme Court; 133 La. 646; and Leader Realty Co. vs same, No. 20818 Supreme Court, 142 La. 169.

There was judgment for plaintiffs in this suit condemning the defendant to pay to each of the plaintiffs the sum of $680.75. This judgment, save as to amount, was correct. 27 A. 489, No. 7132 Ct. Appeal, Puyoulet vs Gehrke; No. 7133, Ct. Appeal, Talbot vs N. O. Land Co. O. B. 53; 143 La. 263; Bouvillain vs Bodenheimer, 117 La. 793; 18 A. 324.

But it is contended by the defendant that the lots in question are included within the lines of the Terascon Grant according

250

to a plan made by S. E. Calongne, Civil Engineer, and that the validity of said Grant has been recognized by decisions of the Supreme Court of this State in the cases of State vs N.O. Land Co., 143 La. 872, and Brott vs N. O. Land Co. decided February 27d, 1922. It may be so, but the fact remains that the decision in the Leader Realty Co. covers the lots herein. The lands claimed in the Leader Realty case were, among others, lots 7 of Section 17 in Township 12 S. range 11 E. Mr..Calongne was asked

"whether or not the lots in question, according to United States Goveenment survey (Zulokowski map) are not located in lot 7 of Section 17 Township 12 South Range 11 East",

and he answered:

"they are".

This is sufficient. The plaintiffs in this case cannot be required to engage the Leader Company in another litigation concerning the title to these lots. It is sufficient for them to show that there is a judgment declaring that the title of their vendor has been divested by a judgment.

But the plaintiffs cannot recover more than the price which appears to have been actually paid by them to the defendant, according to the various acts of sale to them. This is $500 cash paid by each of the three plaintiffs. This is a suit by the vendees against the vendor; no third person is a party to this suit. As between them

"neither shall parol evidence be admitted against or beyond that is contained in the acts, nor on what may have been said before, or at the time, of making them, or since". C. C. 2276 (2256) "The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery". C. C. 2236 (2233).

In the case of Clark vs Farrar, 3 M. 247 (251) the Court held that parol testimony that sundry expenses made by the sellers

251

were to be reimbursed to them

"over and above the purchase money"

was not admissible. Anything in the testimony of A and B

"which has the tendency of adding to, or altering the
written conditions of the contract of sale, is viewed,
by this Court, as if it had never been received".

An oral agreement by which the purchaser was to reimburse
to the vendor the surplus price for which he might sell the pro-
perty is not admissible;

"it makes no part of the written contract between the
parties, and parol evidence in its support". Hart vs
Clark, 5 M. 614.

In Berthole vs Mace, 5 M. 576 (592) the Court refused to
admit parol testimony that a sale purporting to have been made
for $1000 had in reality been made for $100.

"He (defendant) attempts to show by parol evidence
that another note of $1000, of a date anterior to the
deed was given as part of the purchase money. This can-
not be done &c". Harrison vs Laverty, 8 M. 213 (217);
Goodloe vs Hart, 2 La. 446:

"A purchaser of slaves who has given his note in pay-
ment cannot prove (by parole), a condition different from
that expressed in the deed of conveyance".

The plaintiff who sold her property to the defendant for
$100 cannot establish by her testimony alone that there was

"another and further consideration, to-wit: her services,
which, she alleges, are worth $500". Girod vs Vines,
23 A. 588.

The precise facts presented in this case existed in the
case of Formento vs Robert, 27 A. 489. In that case a purchaser
annulled a contract of sale for fraud, and attempted to recover
$3300 the price paid by him. The Court said:

"The parol evidence adduced by plaintiff to prove that

the price paid by him was $3300 instead of $2300, as stated in the authentic act of sale was properly excepted to by the defendant. C. C. 2236, 2276".

The act of sale expressly reciting the consideration to be $3782.36 the purchaser could not show by parol that the real consideration of the sale was a number of taxes exceeding in amount the price stipulated in the deed of sale. Chaffe vs Ludeling, 34 A. 967.

Parol is not admitted to prove that a mortgage note of $_ _ _ was given not for money loaned but for delay and supplies. 37 A. 203.

Written evidence alone can be admitted to show that the consideration was different from that stated in the act of sale. 116 La. 666.

In a promise to sell **real property** the price could not be changed on the verbal testimony of the promisor. 116 La. 141.

Although the parties to a sale could not prove by parol that the terms of sale were different from those mentioned in the act, a third party could. Bank vs White, 145 La. 54.

In Evans' Pothier on Obligations, Vol. 2 p 159 he quotes: "So it has been held that no evidence could be allowed, that an agreement for a lease was to include more premises; or that a greater rent was to be paid than was actually expressed. 3 Wils 275; 2 Bl. Rep. 1249 and 7 Ves. 211".

"The statement in a contract of sale as to the price paid or to be paid by the purchaser is an essential part of the contract and hence it cannot be varied or contradicted by parol". 22 C. J. p 1118 § 1476.
C. N. 1341; 19 Laurent § 472; 33 Dalloz Rep. p 1005 § 4715, 4719.

"La preuve testimoniale est irrecevable, conformement à notre article, lorsqu'il est allegné que le prix d'une

vente on d'un bail est superieur ou inférieur a celui qui est fixe dans l'acte". 5 Larombiere Art. 1341 § 27 p 25; 13 Baudry-Lac p 856 , § 2566.

The objection of the defendant to the introduction of parol to prove that the sale was in reality for $606.67, and for interest paid by them $34.85, and for taxes $17.63, making a total in excess of $500 of $159.15, should have been sustained. As each plaintiff recovered judgment for a similar amount, the judgment must be reduced $159.15 each.

It is therefore ordered that the judgment in favor of each plaintiff herein be reduced from Six Hundred and eighty 75/100 dollars to Five Hundred and twenty-one 60/100 dollars, with five per cent per annum interest from November 6th, 1914 till paid and all costs of the District Court, and that the costs of appeal be paid by the plaintiff and appellees-; that after payment of this judgment by the defendant, the three sales dated November 6th, 1914 made by the defendant to the plaintiffs herein William Brewer, Thomas H. Ryan, and Jas. G. Sullivan of the six lots Nos. 11, 12, 13, 14, 15 and 16 of square 286 on the map of defendant company, measuring each 25' front on Conti Boulevard by 122' deep in the square bounded by Vicksburg, French, and Germain Streets, be rescinded and annulled and the registry thereof in the Conveyance Office be cancelled.