JOHN SHARKEY *v.* CATHARINE WOOD and another.

Where it is admitted, that an award was made without the arbitrators having been sworn, parol evidence of their proceedings is inadmissible.

Parol evidence is inadmissible to prove the cancelling of written contracts. Such evidence is inadmissible against a written contract ; and proof that it was cancelled, is the strongest evidence that can be given against it.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

MARTIN, J. The plaintiff claims the balance of the price of a house built for the defendants. They pleaded the general issue ; and that the house was inartificially built, and not completed according to the contract ; and that they had made payments to the whole amount, to which the plaintiff was entitled ; and further, Hill denied all responsibility, having acted only as an agent. There was a verdict and judgment against them, and they appealed.

Our attention is first arrested by a bill of exceptions. The plaintiff having admitted that an award had been made without the arbitrators having been sworn, the counsel for the defendants objected to the admission of parol evidence of their proceedings, and of an abandonment of the written contract, and an agreement to pay on the *quantum valebant*. The court admitted the parol evidence, and ordered it to be taken down, adding, that on the trial, the defendants' counsel would be allowed to ask the court to charge the jury, as to the legal effect and the validity of the evi-

dence. The Judge informs us, "that the agreement to arbitrate was not objected to; that all other evidence, as to arbitration, was rejected; and that whether the written contract was set aside, was a a matter of fact to be left to the jury." We are unable to see, on what ground the objection to parol evidence of the proceedings of the arbitrators was overruled, and on what grounds parol evidence of the cancelling of a written contract was admitted, and of the substitution thereto of a verbal agreement. The code forbids testimonial proof against an act. Proof that it was cancelled, is the strongest proof that can be given against it.

As to the defendant, Hill, there is not the least tittle of evidence from which it may be implied, that he was a party to the contract for building the house. He did not sign it, and his name is not mentioned therein. He afterwards acted as agent of his co-defendant, his sister-in-law. The plaintiff, in numerous parts of his long petition, stated this. As to him, therefore, the verdict is contrary to law and evidence. It ought to have been set aside, and was improperly made the basis of the judgment. He is, therefore, entitled to relief at our hands.

It appears to us, that the court erred, in overruling the objections of the defendants' counsel to the introduction of the parol evidence stated in the bill of exceptions.

It is therefore ordered, adjudged, and decreed, that the judgment be annulled, avoided, and reversed, and that ours be for the defendant, Hill; and in regard to the defendant, Wood, it is ordered, adjudged, and decreed, that the verdict be set aside, and the case remanded for further proceedings according to law, with directions to the court not to admit the parol evidence objected to by the defendants' counsel, the plaintiff paying the costs in both courts, as far as they relate to the defendant, Hill, and those of the appeal, as far as they relate to the defendant, Wood.

*Culbertson*, for the plaintiff.

*T. Slidell*, for the appellants.