No. 3762.—JOSHUA C. THOMAS v. L. J. KENNEDY & B. W. SEWELL.

In a suit to annul and cancel a retransfer of real estate, on the ground that a retransfer was procured through the fraudulent representations of the vendor, parol evidence is admis-sible to prove the fraud.

The testimony of a defendant who has given evidence at the request of the plaintiff, may be contradicted or overcome by other testimony, the same as that of any other witness.

APPEAL from the Fifth Judicial District Court, parish of East Feli-ciana. *Posey*, J. *McVea & Kilbourne*, for plaintiff and appellee. *Kernan & Lyons*, for defendants and appellants.

This case was tried by a jury in the court below.

WYLY, J. The plaintiff alleges that in January, 1868, he purchased from Mr. L. J. Kennedy the four hundred and fifty-five acres of land described in the petition for $3500, evidenced by his four promissory notes, to wit: one for $500, payable on demand, and the other three for $1000, each payable respectively, first June, 1868, first June, 1869, and first June 1870; that he agreed to pay said amounts to Bennett W. Sewell, who held a conventional mortgage for like amounts on the six hundred and fifty acres owned by his vendor, Mrs. Kennedy, of which the four hundred and fifty-five acres purchased by him formed part; that in November, 1868, he delivered to said Sewell five bales of cotton, the proceeds to be applied as a credit on said notes; that in January, 1869, Mrs. Kennedy and Sewell proposed to him, that if he would retransfer to Mrs. Kennedy the four hundred and fifty-five acres, that she would convey it, together with one hundred and ninety-five acres besides on which Sewell's mortgage bore, to Sewell in pay-ment of said mortgage and that Sewell would then transfer the whole six hundred and fifty acres to the petitioner for $5200; that relying on their good faith, he made the transfer in compliance with said agree-

14

ment on twenty-third January, 1869, to Mrs. Kennedy; that after obtaining the said retransfer the said parties refused to comply with their verbal agreement; that instead of carrying it out in good faith, Mrs. Kennedy conveyed only four hundred and ninety acres to Sewell in payment of his mortgage, reserving the balance of the six hundred and fifty acres to herself; that he was induced to make the said retransfer to Mrs. Kennedy by the fraudulent representations of herself and Bennett W. Sewell, and that they obtained it by their fraudulent conspiracy against him.

The prayer of the petitioner is that the said retransfer of the four hundred and fifty-five acres to Mrs. Kennedy be avoided and annulled; that the transfer from Mrs. Kennedy to Sewell, in September, 1869, be also annulled so far as the same affects the petitioner and the four hundred and fifty-five acres of land; and that the said Mrs. Kennedy and Sewell and the petitioner, be each decreed to be in the same position as if the said retransfer of the four hundred and fifty-five acres of land by him to Mrs. Kennedy and the sale thereof by her to Sewell had not been made.

The defendants pleaded the general issue, and set up reconventional demands for rent of the land and for damages.

The case was tried by a jury, and on their verdict the court gave judgment for the plaintiff. The defendants have appealed.

The defendants excepted to the ruling of the court in admitting parol evidence to establish the allegations of the plaintiff, on the ground "that a sale or the agreement for the sale of immovables can not be proved by parol." There is no force in the bill of exceptions. The suit is not to enforce the verbal agreement for the several transfers of the property in question; it is simply an action to annul the retransfer obtained by the defendants from the plaintiff, on the ground of the fraud and collusion practiced by them in getting it.

If the plaintiff parted with his property on the fraudulent representations of the defendants, as he alleges, it is certainly competent that parol evidence shall be received to prove it.

The evidence in the record sustains the verdict of the jury, and we see no reason to reverse the judgment of the court thereon.

As to the objection that because the defendants were examined as witnesses by the plaintiff, their answers can not be contradicted by other evidence in his behalf, we will remark there is no force in it. Under the law allowing parties having pecuniary interest to testify, their testimony can be contradicted by the opposite party the same as that of any other witness called in the case. The other objections are also without force.

Judgment affirmed.

Rehearing refused.