(91 South. 680)

No. 24775.

## GREAT EASTERN OIL & REFINING CO. v. BULLOCK.

(April 3, 1922.  Rehearing Denied April 24, 1922.)

*(Syllabus by the Court.)*

1. **Mines and minerals ⬳74 — Buyer of oil lease cannot complain of misrepresentation where he could have ascertained facts.**

Where the purchaser has the means of finding out for himself the qualities of the thing sold, he cannot complain of any alleged misrepresentation by the vendor.

*(Additional Syllabus by Editorial Staff.)*

2. **Evidence ⬳441(4)—Parol evidence not admissible to add guaranty of production of oil.**

Parol evidence is not admissible to vary the contents of a written deed conveying an oil lease by introducing a guaranty that the lease would continue to produce a specified quantity of oil.

3. **Evidence ⬳434(6)—Parol evidence admissible to show representation.**

Under Civ. Code, art. 2547, declaring the vendor misrepresenting the thing sold guilty of fraud, parol evidence is admissible to show misrepresentation by the seller of an oil lease of conditions actually existing or previously existing.

4. **Mines and minerals ⬳74—Buyer obtaining extension of time for payment with knowledge of misrepresentations, held estopped.**

A buyer of an oil lease, who with full knowledge of misrepresentations of the quantity of oil produced obtained an extension of time for payment was estopped.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Jr., Judge.

Action by the Great Eastern Oil & Refining Company against George Bullock, trustee.

From a judgment for defendant, plaintiff appeals.  Affirmed.

W. B. Hamilton, of Shreveport, for appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

ST. PAUL, J.  Plaintiff purchased an oil lease from defendant for $55,000, of which it paid in cash $30,000 and furnished its notes for the balance.  When the notes matured plaintiff did not pay, but asked for an extension of time, which was granted. When plaintiff again failed to pay, defendant sued and seized, and plaintiff then enjoined the seizure.

Defendant thereupon reconvened for the amount of his notes, to which plaintiff made the defense that the oil lease was not as represented; the alleged misrepresentation having been that the lease was producing and would continue to produce 55 barrels of oil per day, which was the main inducement for the price paid.

I.

[2] Of course parol evidence is not admissible to vary the contents of the written deed so as to introduce therein any guaranty that the lease would continue to produce any particular quantity of oil; for the written instrument contains no such guaranty.

[3] On the other hand, parol evidence would be admissible to show any misrepresentation of conditions actually existing or which had existed before; for the vendor who misrepresents the thing sold is guilty of fraud. C. C. 2547.

[1] This, however, is not applicable where the purchaser is in a position to find out for himself whether the representations of the vendor be true.  C. C. 2521, 1847, No. 3. In the present case, aside from the fact that the evidence is conflicting as to any

such misrepresentation, the record shows that by simply demanding the certificates of the Oil Refining Company plaintiff could have found out for itself exactly the amount of oil produced.

## II.

[4] The evidence also shows that plaintiff, with full knowledge of all the facts, did not complain when it should have done so, to wit, when payment became due; but, on the contrary, it asked and obtained from defendant an extension of time, which defendant would certainly not have granted, had he suspected that plaintiff was about to repudiate its obligation. Plaintiff is therefore estopped.

### Decree.

The judgment appealed from is therefore affirmed.

Rehearing refused by Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.