No. ——

First Circuit Appeal

BRENARD MANUFACTURING CO. v. M. LEVY, INC. .

(Jan. 21, 1925, Opinion and Decree.)
(May 5, 1925, Rehearing Refused.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Evidence—Par. 262.**
Under Art. 2276 of the Civil Code evidence to establish an independent or contemporaneous contract in conflict with the provisions of the written agreement is not admissible.

• Appeal from the Twenty-seventh Judicial District, Parish of Assumption, Hon. Sam A. LeBlanc, Judge.

This is a suit to collect five promissory notes. There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Howell & Wortham, of Donaldsonville, attorneys for plaintiff, appellant.

George S. Guion, of New Orleans, attorney for defendant, appellee.

MOUTON, J. Nov. 18, 1919, defendant signed five promissory notes in favor of plaintiff company amounting to a total of $392.14. Plaintiff instituted this suit to obtain judgment on these notes. The demand was rejected below. Plaintiff appeals.

These notes were given for the purchase price of three Claxtonola Phonographs defendant agreed to buy from plaintiff. The purchase was, however, made dependent upon the acceptance by plaintiff company of an agency contract which had been entered into between plaintiff and defendant. This contract was signed by defendant on Nov. 18, 1919, the day the notes were executed, and was accepted by plaintiff a few days thereafter.

The contract is as follows:

"The Brenard Manufacturing Company,
    "Iowa City, Iowa.
        "Gentlemen:

"Upon your approval of this order and agency contract deliver to me at your earliest convenience F. O. B. factory or distributing point, the articles mentioned below, in payment for which I hereby hand you my notes aggregating $392.14 which you are to cancel and return to me if agreement is not approved by you." Then follows a description of the phonographs— which it is unnecessary to describe.

After describing the articles the contract says:

"Exclusive Agency Agreement.

"You, the Brenard Mfg. Company, hereby grant me the exclusive agency for your line of 'Golden-Throated' Claxtonola Phonographs, in my town, for a period of three years, during which time I am to receive a commission of 30% of each installment paid in cash on Claxtonolas, that I may sell to my customers on installment payments when you carry such installment paper. Discount for cash with order 60%. As fast as I sell Claxtonolas and my customers contracts, notes or the cash is accepted by you, on such sales, you will ship to me F. O. B. factory point or distributing point, Claxtonolas to replace those sold, in order that my stock remain complete. If my commission from the sale of Claxtonolas, under this contract, does not equal at least $392.14 you will either pay me the difference in cash or repurchase these Claxtonolas and records, if returned to you in good order, and pay me $392.14 for same and will send you bond for $392.14 to protect me in the conditions of this contract." Immediately after these stipulations a clause follows under which defendant obligates itself to furnish the address of prospective buyers, and to give plaintiff all reasonable information to assist in the sale of Claxtonolas.

After so providing the contract in referring to plaintiff, reads:

"You are to have the right to send a special salesman into my territory at any time to do field work and promote the sale of Claxtonolas.

"Unusual delays from strikes, fires, accidents or other causes beyond our control, shall extend this agreement for a like period. In order to protect you in your special method and places and in your expenditures this order can not be countermanded."

The defendant filed its answer annexing thereto a copy of the contract above mentioned, but averring that the notes and contract were signed upon the following fraudulent representations made by the agent of plaintiff company, viz:

"(a) That the said, The Brenard Mfg. Co., would bill the articles and goods mentioned in said agreement to respondent at a discount of sixty per cent.

"(b) That the said, The Brenard Mfg. Co., would deliver said articles and goods to respondent at least two weeks before Christmas 1919, so that respondent would have the opportunity of disposing of them then and during the Christmas holidays.

"(c) That the said, The Brenard Mfg. Co., would send a man to Napoleonville who would assist respondent in disposing of said articles and goods during said holidays.

"(d) That the said, The Brenard Mfg. Co., would execute its bond with a good and solvent surety for the faithful fulfilment and performance of said conditions, expressed and alleged under this paragraph."

It may be proper to state here that this last defense has been eliminated from the case.

Respondent alleges that the foregoing representations were fraudulently made by the

agent of the company which it alleges induced it to sign the notes and contract, and prays for the avoidance of the obligation.

When defendant offered parol evidence to sustain the defense embodied in the allegation of the answer above reproduced, counsel for plaintiff promptly objected to its admission on the ground that such testimony would have the effect of changing, varying, altering or contradicting the written agreement between the parties to this suit. The objection was overruled, and the testimony was introduced. The admissibility of the parol evidence for the purpose stated, presents the vital issue in the case.

At the beginning of the contracts above reproduced, it will be noted that upon the acceptance of the agreement and the agency contract, the plaintiff company binds itself to deliver the phonographs at its "earliest convenience". If defendant were allowed to prove that the agent of the company had by verbal agreement or understanding promised to deliver the Claxtonolas two weeks before Christmas, as is alleged by respondent, the obligation which the company had incurred, which was, to deliver at its "earliest convenience," would be changed or altered into a stipulation to ship at a time prior to the Christmas holidays. Proof by parol that a discount of 60% was promised by the agent of plaintiff company on all bills for the goods, would also effect a material change or modification of the contract as it nowhere provides for such a deduction on the price of the phonographs. Parol evidence to sustain the plea by defendant that plaintiff had bound itself to send a man to Napoleonville to assist in disposing of the goods during the holidays would also effect a distinct and striking change in the contract which gave the right to plaintiff to send a special salesman in defendant's territory to promote sale of Claxtonolas.

Such parol proof above referred to, would, if admitted, unquestionably, have the effect of changing, varying, altering or of modifying the contract, and would clearly be "against or beyond what is contained in the act" and whether said before or at the time of making the contract, or since, was not admissible in evidence under C. C. Article 2276.

Counsel for defendant cite Davis vs. William W. Bierce, 114 La. 663, 38 South. 488, in support of their contention that parol proof was properly admitted to sustain the pleas urged in avoidance of the contract. In that case the court recognized the rule that parol proof could not be introduced to vary or alter a written agreement, but said it was admissible to establish a distinct, valid, contemporaneous, collateral contract between the parties. Here, the proof offered was not to establish an independent, distinct or collateral agreement. If allowed, only a change of the agreement would be the result of such evidence. It will be observed also that in ruling that parol evidence was permissible to establish a distinct, collateral or contemporaneous contract, the court in 114 La. 663 above cited, said: "When the same is not in conflict with the provisions of the written agreement." In the instant case, if the parol evidence offered by defendant, could be considered as proof showing an independent or contemporaneous contract, it would be equally inadmissible under the rule cited, because it would be in "conflict with the provisions of the written agreement."

The purpose of the parol evidence was, undoubtedly, to show that the parties had entered into a contract different from the one contained in the written instrument which they had made the repository of their agreement; and was therefore inadmissible as was held in Hafner Mfg. Co. vs. Lieber Lumber Co., 127 La. 348, 53 South. 646. If such parol testimony could be

taken as establishing a distinct, collateral, contemporaneous contract, it would be equally inadmissible as it would come in conflict with the provisions of the written agreement entered into between the parties. Davis vs. William W. .Bierce, 114 La. 663, 38 South. 488. The parol proof should have been excluded, and was improperly admitted. The judgment is erroneous. Plaintiff is entitled to recover on the notes.

It is therefore ordered, adjudged and decreed that judgment dismissing plaintiff's demand be avoided and reversed, and it is further ordered and decreed that plaintiff have judgment against defendant in the sum of three hundred, ninety-two dollars and fourteen cents ($392.14), with interest, at the rate of five per cent per annum from March 18, 1920, on. seventy-five dollars thereof; on seventy-five dollars thereof from April 18, 1920; on forty-six dollars and fourteen cents thereof from May 18, 1920; on forty-six dollars thereof from June 18, 1920; and on seventy-five dollars thereof from August 18, 1920, until paid, with all cost of court.