No. ——.

First Circuit

BRENARD MANUFACTURING COMPANY v. LEVY, INC.

(January 21, 1925, Opinion and Decree)
(May 5, 1926, Rehearing Granted)
(January 28, 1926, Opinion and Decree on Rehearing)
(Original Opinion, 2 La. App. 577)

(*Syllabus by the Editor.*)

ON REHEARING

1. **Louisiana Digest—Obligations—Par. 76, 100.**

A contract which required one to furnish a bond to protect the other's commission made in selling phonographs will not be required where the agency was relinquished before the necessity for the bond arose.

2. **Louisiana Digest—Evidence—Par. 216, 262.**

Under Articles 2276, 2242 and 2236 of the Civil Code, parol evidence to establish an independent or contemporaneous contract in conflict with the provisions of the written agreement is not admissible.

(See 2 La. App. 577)

Howell and Wortham, of Convent, attorneys for plaintiff.

Geo. S. Guion, of Convent, attorney for defendant.

ELLIOTT, J. A rehearing was granted in this case in order that the questions urged in the petition of M. Levy, Inc., defendant, for rehearing, might be further considered. Defendant, M. Levy Inc., complains that our first opinion and decree is erroneous, in holding that the bond provided for in the contract had been eliminated from the case. The written contract bound plaintiff, the Brenard Manufacturing Co., to send defendant a bond, for the purpose of protecting the commissions which defendant might earn as plaintiff's agent, in selling phonographs, other than the three bought at the time. Subsequently, on December 7, 1920, defendant relinquished the agency stipulated in the contract, without having sold any phonographs. Consequently, there could be no no commission due the defendant under the contract. As there was no commission to protect, there was no need for a bond. The question of bond under the contract was eliminated, when defendant relinquished the agency to sell phonographs for the plaintiff.

Defendant also contends that parol evidence was admissible for the purpose of showing that at the time the written contract and the notes sued on were signed, that plaintiff, through their agent, by verbal collateral and contemporaneous agreement, bound themselves to deliver the phonographs, at least two weeks before Christmas and send a man to Napoleonville to assist in disposing of them during the holidays. That our opinion and decree holding that parol evidence for such a purpose was not admissible and erroneous.

Defendant alleges in its answer that these representations were believed and acted on by defendant in signing the contract and notes. That said representations were false and fraudulent and made to induce defendant to sign the contract and notes, etc. Defendant argues that parol evidence is admissible to prove fraud, etc.

The written act signed by defendant and accepted by plaintiff, was with the notes annexed to defendant's answer as part thereof and was before the court at the time of the trial as part of the pleadings.

This written contract is complete, as to every matter provided for and defendant's answer does not claim that the written contract was incomplete. Therefore the case Davies vs. Bieros, 114 La. 663, 38 South. 488, cited by defendant as controlling, is not controlling. It is not alleged in defendant's answer that anything was written in the contract and should not have been placed in it; nor that anything was left out of it that should be in it.

Fraud is not alleged to have been perpetrated as to any matter or thing provided for in the written contract. Consequently the question of fraud, does not enter into the written contract. The Articles of the Civil Code, 1819, 1847, 2547, have no bearing and cases like Great Eastern Oil Co. vs. Bulloch, 151 La. 209, 91 South. 680, and Thomas vs. Kennedy, 24 La. Ann. 209, are not applicable to the question in hand.

The alleged collateral contemporaneous verbal agreement is not admissible in this case, because it contains a condition inconsistent with the written contract and would supersede it, leaving it without effect.

The written contract provides that plaintiff can deliver the phonographs at their "earliest convenience" and "unusual delays from strike, fires, accident and other causes beyond our control, shall extend the agreement for a like period". It also provides as follows: "In order to protect you in your special methods and plans and in your expenditures, this order can not be countermanded".

The alleged parol contract, requires delivery at least two weeks before Christmas and that a man be sent to Napoleonville to assist in selling the phonographs during the holidays. The written contract does not oblige plaintiffs to deliver the phonographs before Christmas. The alleged verbal undertaking to send a man to Napoleonville to assist in selling the phonographs during the holidays, is not only inconsistent with the written contract but is something "beyond what was contained in the written act" and therefore is not admissible under the law, C. C., Arts. 2276, 2242, 2236. No definite rule appears to exist, whereby courts can always agree whether an alleged collateral contemporaneous verbal agreement entered into at the same time as a written one can be proved or not in every case. As will be seen by reference to writers on the subject of evidence. Greenleaf, Vol. 1, section

275; Whigmore, Vol. 4, section 2425 *et seq;* Jones, section 434; Best Principles of Evidence by Chamberlayne, sections 226 *et seq.* The particular facts in every case must govern the question. In this instance the notes which support the written contract, are relied on as the sole support for the alleged verbal .one; but according to the verbal contract, their payment is dependent on compliance on the part of the plaintiff with the verbal agreement and not with the written one and therefore as stated the alleged verbal contract, would' supersede the written one. The case Hafer Mfg. Co. vs. Lieber Lumber & Shingle Co., 127 La. 348, 53 South. 646, pp. 355-6-7, etc., supports our ruling and is cited in our former opinion.

In Goodloe vs. Hart. 2 La. 446, the plaintiff sold and delivered to defendant certain slaves by written act, taking notes in part payment of the purchase price. The vendor brought suit against the vendee to compel payment of one of the notes. The vendee resisted, alleging in his answer that the notes had been given on the express condition, stipulated verbally at the time the act of sale was passed, that the slaves should not run away for twelve months. That two of them had run away within that time and had not returned; therefore defendant should not be compelled to pay the note.

The act of sale did not contain a contingency in the matter of payment of that kind. The defendant offered to prove the alleged verbal agreement, contending that it was distinct separate agreement from the written act; but the plaintiff objected, urging the law C. C., Art. 2276. The evidence was held inadmissible.

In Arguibauve vs. Insurance Co., 106 La. 139, (149), 30 South. 148, the plaintiff alleged that a certain clause in the insurance policy sued on was not · to be taken into account by virtue of a verbal agreement entered into with the agent of the insurance company at the time the policy was written. The plaintiff offered to prove a contemporaneous verbal agreement to that effect; but the. defendant objected and the court acting on the objection said:

"The plaintiffs do not allege that there was any misunderstanding or mistake as to what the contract upon which they sued was to contain; nor do they allege that anything was left out, that they expected would be put in; or was in, that they expected would be left out. Their whole case lies in the proposition that there was a contemporaneous verbal contract which not only varied, but which practically superseded the written contract upon which they sued. This however they are not entitled to prove over defendant's objection."

Barthet vs. Estebene, 5 La. Ann. 315; Jackson Brewing Co. vs. Wagner, 117 La. 876, 42 South. 356; Peoples Bank of Donaldsonville vs. National Fire Insurance Co., 130 La. 951, 58 South. 826, are to the same effect. Our reconsideration has confirmed us in our former opinion. Our former opinion and decree is therefore reinstated and made the final judgment of this court herein.