No. 2236

Second Circuit

---

BRENNER v. FORD

---

(April 8, 1927. Opinion and Decree.)
(May 13, 1927. Rehearing Refused.)
(July 12, 1927. Writ of Certiorari and Review Denied by Supreme Court.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Evidence—Par. 215, 223, 272.

Parol testimony is incompetent and inadmissible to vary, alter or modify the stipulations' of a written lease.
Civil Code, Articles 2235, 2238, 2276.
Gomila & Co. vs. Hibernia Ins. Co., 40 Ann. 553.

2. Louisiana Digest—Evidence—Par. 72, 223.—Landlord and Tenant—Par. 91, 92.—Pleading—Par. 112, 114.

In a suit for rent, where plaintiffs have not alleged whether the lease was verbal or in writing, they may establish the lease contract by any competent evidence. If the defendant, in order to prepare his defense, desired to know whether plaintiffs were suing on a written or verbal contract, he should have required the plaintiffs to elect by exception in limine. Failing to do this, he could not, on trial, object to proof of a written lease.

Appeal from the City Court of the City of Shreveport, Louisiana. Hon. David B. Samuels, Judge.

Action by Alphonse and C. M. Brenner against Z. A. Ford.

There was judgment for plaintiffs and defendant appealed.

Judgment affirmed.

Cook & Cook, of Shreveport, attorneys for plaintiffs, appellees.

Cal D. Hicks, of Shreveport, attorney for defendant, appellant.

STATEMENT OF THE CASE

REYNOLDS, J.  Plaintiffs sued defendant for four months' rent of a store building at $75.00 per month, less a credit of $50.00.

Defendant denied liability on the ground that by agreement between him and plaintiffs obligation to pay rent should not begin to run until after plaintiffs had made certain improvements to the leased premises.

On these issues the case was tried and there was judgment in favor of the plaintiffs as prayed for and defendant appealed.

OPINION

The question to be decided in this case is whether plaintiffs were entitled, under their pleadings, to introduce in evidence the written lease signed by them and defendant. The objection urged to its admission by defendant was that plaintiffs did not allege that the lease was in writing. The trial court overruled the objection and admitted the lease.

We do not think the trial court erred. If the defendant desired to know, in order to prepare his defense, whether plaintiffs were suing on a verbal or a written lease he should, in limine, have asked the court to require the plaintiffs to declare whether the lease was verbal or in writing and if in writing to file it in court. He did not do this but answered the petition on the merits after excepting to be sued as Zack C. Ford instead of in his right

name, Zack A. Ford, and having the misnomer cured by amended petition.

Defendant having gone to trial without requiring plaintiffs to state whether the lease sued on was verbal or in writing plaintiffs were entitled to make proof of a written lease and defendant could not justly plead surprise for the reason having signed the lease he was aware of its existence and stipulations and could have obtained oyer of it on proper application.

Having found that plaintiff was entitled to introduce in evidence the written lease, we find also that the evidence sought to be introduced by defendant to vary, alter or modify the stipulations of the lease were inadmissible under the authority cited in the syllabus.

Under all the evidence in the case the judgment of the trial court is right and it is accordingly affirmed.