ST. PAUL, J.
 

 Plaintiff sues for back rent due and for the annulment of a written lease for the failure to pay said rent. The defense is that by a verbal agreement, entered into before the signing of the lease, and renewed and confirmed after the signing of the lease, the rent was to be reduced from $500 per month to $425 per month until plaintiff should have made certain improvements on the leased premises, which have not been made, and that defendant has paid in part and offered to pay the balance of all rent due at the reduced rate.
 

 The trial judge, on motion of plaintiff,' struck out of the answer the defense thus set up; his ruling being in effect a refusal to hear parol testimony to vary or alter the written lease sued upon. Defendant’s appeal challenges the correctness of that ruling.
 

 We think the ruling was correct. It is clear that parol evidence of any prior oral agreement was inadmissible. R. C. C. art. 2276. On the other hand, any attempt to prove by parol a renewal of said agreement;
 
 *478
 
 would have been nothing less than an attempt to prove indirectly that which could not have been proved directly; for the alleged new agreement was in no way different from the old, and supported by no new consideration, the only consideration alleged being that defendant promised thereafter to pay the full amount of $500 per month (after having been allowed a reduction of $75 per month for several months), if plaintiff would complete the improvements' by a certain date. But “a promise to do what the promisor is already bound to do cannot be a consideration, for, if a person gets nothing in return for his promise but that to which he is already legally entitled, the consideration is unreal. Therefore, as a general rule, the performance of, or promise to perform, an existing legal obligation, is not a valid consideration.” 13 Corp. Jur. 351 (Contracts) § 207.
 

 The judgment appealed from is therefore affirmed.