(129 So. 678)

## E. J. DEAS CO., Inc., v. TEXAS CO.
### No. 28996.

July 2, 1930.

Cook & Cook, of Shreveport, for appellant.
Charles H. Blish, of Shreveport, for appellee.

ST. PAUL, J.

Plaintiff appeals from a judgment rejecting its demand against defendant.

The claim is for an alleged overcharge in the price of certain asphalt purchased for street paving in Shreveport and in the surrounding section of the country between January, 1920, and May, 1924.

The asphalt was all purchased under written contracts, all stating the quantity of asphalt to be delivered and the price thereof; all of which contracts state on their face that they are not binding on the defendant until approved by the manager of the sales department (which was done in all cases), and on their reverse that "no stipulation, agreement or understanding of the parties or their agents shall be valid or enforceable unless embodied in this memorandum or covered by these provisions."

It is charged that defendant's salesman represented that the price fixed was no higher than that charged to other customers in the same section; that the prices charged other customers were lower than those charged plaintiff; and this is a suit for the recovery of the difference in prices.

The evidence shows that in several instances the city of Shreveport for its own uses, and in one instance one Flenniken, a contractor, obtained lower prices than plaintiff. But the evidence is conflicting as to whether the salesman represented to the plaintiff that the prices were as low as those made to others.

Defendant's president and defendant's attorney testify that such representations were made. But the salesman testifies that he made no such representations, but only that the price made to plaintiff was as low as those made to any of his competitors, that in fact no price at all was made to any of plaintiff's competitors, and that his representation was merely that he would offer plaintiff such prices as would enable it to compete successfully with any competitor; and the fact is that plaintiff did compete successfully and was awarded the contracts on which it bid in practically every instance.

The evidence further shows that the salesman had no authority to close any price without the approval of the sales manager, or make any representation not stated in the written contract; and the written contract itself so states.

Moreover the evidence shows that the president of the plaintiff company, who was familiar with the prices of asphalt, knew that another company (the Standard) was selling at a lower price asphalt which would answer all the requirements of the specifications in the different contracts bid upon; and our conclusion is that he had reasons satisfactory to himself for purchasing defendant's product even at a higher price.

He was therefore in a position to know, and did know, that no price could be made to him except subject to the approval of defendant's sales manager; that other and equally satisfactory asphalt could be obtained at a lower price than that at which defendant was offering its own product; and, if the price at which defendant was offering the asphalt was not satisfactory to him, he had only to refuse to purchase from defendant and purchase from the other company. "Where the purchaser has the means of finding out for himself the qualities [or value] of the thing sold, he cannot complain of any alleged misrepresentation by the vendor." Great Eastern Oil & Refining Co. v. Bullock, 151 La. 209, 91 So. 680.

This plaintiff has therefore no cause to complain, having purchased the asphalt at an agreed price and with full knowledge that an equally satisfactory asphalt could be purchased at a lower price. R. C. C. 1847, subd. 3.

### Decree.

The judgment appealed from is therefore affirmed.