## SALLEY v. LOUVIERE.
No. 1426.

Court of Appeal of Louisiana. First Circuit.
Jan. 21, 1935.

Porteus R. Burke, of New Iberia, for appellant.

James L. Helm, of New Iberia, and Leslie P. Beard, of New Orleans, for appellee.

LE BLANC, Judge.

This is a suit based on a written contract of lease which was entered into between plaintiff and defendant on December 20, 1932, covering a certain apartment at No. 1574 Jefferson avenue in the city of New Orleans. The lease was to be for the stipulated period of nine months beginning January 1, 1933. The rent was fixed at the price of $55 monthly, payable in advance, and, to represent the same, defendant furnished his nine promissory notes in the sum of $55 each; the first being payable on January 1, 1933, and one on the 1st of each succeeding month thereafter during the term of the lease.

The act of lease contained a clause under which the rent for the entire unexpired time would become due upon failure of the lessee to pay the monthly rent punctually at maturity. This same clause also provided for attorney's fees in the amount of 10 per cent. of the amount remaining unpaid in the event suit had to be instituted to recover the same. The act also contained the following stipulation: "In the event the lessee is officially transferred out of the City by the Pan-American Co., this lease can be cancelled by Mr. Ben J. Louviere giving Mrs. M. L. Salley, a Sixty-day written notice."

In her petition, plaintiff alleges that the rent notes which became due and exigible on May 1, 1933, and June 1, 1933, had not been paid, and that had the effect of maturing all of the remaining notes that were outstanding, and she accordingly prays for judgment against the defendant in the sum of $275, the amount of the remaining notes, with interest and attorney's fees as provided for in the act of lease.

For defense to the action, defendant pleads the stipulation regarding his transfer from the city of New Orleans as a termination of the lease. In his answer, he refers to the stipulation as being contained in the act of lease, and quotes it verbatim with the exception of the word "written" before the word "notice," making it to appear that the stipulation read and provided merely for a "sixty-day notice."

For further answer, defendant avers that plaintiff accepted the notice of his transfer from the city of New Orleans to the city of New Iberia on March 12, 1933, and placed the premises for rent in the hands of a real estate agent for leasing and acknowledged in various other ways that defendant was canceling the lease as per the stipulation referred to. He avers that the notes are non-negotiable and were given subject to the stipulation contained in the act of lease and are therefore not due by him.

Upon trial of the case, counsel for plaintiff objected to the admission of parol testimony to prove any other than a written notice as provided for in the contract of lease, on the ground that such evidence could only tend to vary or contradict the terms of a written contract, which is expressly prohibited by the terms of article 2276 of the Civil Code. The district judge allowed the evidence subject to the objection and reserved his ruling. In deciding the case thereafter, he held that the objection had been well taken, refused to consider the evidence that had been submitted, and rendered judgment in favor of the plaintiff as prayed for. The defendant appealed.

It appears a bit significant that the defendant, in his answer, when quoting the clause in the contract on which he relies, would have omitted the word "written" before the word "notice." It is noted also, in his averment immediately following, the wording is that "plaintiff accepted notice of his (defendant's) transfer by his company from the City of New Orleans to the City of New Iberia," and nowhere is it alleged that he (defendant) gave the plaintiff notice of the cancellation of the lease, which was the evident purpose of the stipulation, as we look upon it. The acceptance by plaintiff of a notice of defendant's transfer by his company could not, of itself, affect her rights under the lease. She was not concerned with his transfer until he gave her a sixty-day written notice of cancellation of the lease, which she had a right to rely on under the written agreement she had with him.

The whole purpose of the parol testimony sought to be elicited under defendant's answer was undoubtedly to show an agreement between the parties as to a form of notice of cancellation of the lease that was entirely different from that provided for in the written contract, and this the defendant could not do, under the specific provisions of article 2276 of the Civil Code and the jurisprudence of this state as we construe it.

In the very early case of Sharkey v. Wood, 5 Rob. 326, the court, through Justice Martin, handed down an opinion in which it is significantly stated: "We are unable to see, * * * on what grounds parol evidence of the cancelling of a written contract was admitted and of the substitution thereto of a verbal agreement. The code forbids testimonial proof against an act. Proof that it was cancelled, is the strongest proof that can be given against it."

In Cary v. Richardson, 35 La. Ann. 505, at page 509 of the reported decision, we find the court saying: "The unbending jurisprudence of this Court does not, accordingly, allow a party to vary or destroy his own voluntary declarations, or written agreements, by anything short of written evidence. The rule applies not only to agreements relating to immovables, but also to such as concern movables." A large number of decisions are then cited, among them Sharkey v. Wood, supra.

Earlier decisions, to a very large number, could be cited to the same effect as these two, touching all forms of written contracts. Coming to some of the more recent ones, we might refer first to a decision of this court in the case of Brenard Manufacturing Co. v. M. Levy, Inc., 2 La. App. 577. In that case the court was called on to review a ruling of the lower court on the admission of testimony to show a contemporaneous agreement between the parties, in relation to the written agreement between them, which contemporaneous or collateral agreement had been fully set out in the defendant's answer. The lower court had permitted the introduction of parol testimony to show the collateral, or rather what it held was a collateral, agreement, but this Court, speaking through Judge Mouton, reversed the decision of the lower court, holding that "Such parol proof above referred to, would, if admitted, unquestionably, have the effect of changing, varying, altering or of modifying the contract, and would clearly be 'against or beyond what is contained in the act' and whether said before or at the time of making of the contract, or since, was not

admissible in evidence under C. C. Article 2276."

The case was reconsidered by the court, and, in an opinion handed down by Judge Elliott, the former decision was reaffirmed. See Brenard Mfg. Co. v. Levy, 4 La. App. 279. The Supreme Court then granted the defendant a writ, and, on review of the case, affirmed the decision of this court. See Id., 161 La. 496, 109 So. 43. In support of their decisions, both the Supreme Court and this court cited the case of Hafner Manufacturing Co. v. Lieber Lumber & Shingle Co., 127 La. 348, 53 So. 646, 649, as authority, and from that decision we now quote the following:

"If, after having drawn up a writing for the purpose of serving as complete evidence of their contract, parties were allowed thus to modify the contract by oral evidence, it is not seen what would become of the statute, article 2276, Civ. Code:

"'Neither shall parol evidence be admitted against or beyond what is contained in the acts, or at the time of making them, or since.'

"By said evidence, defendant is clearly seeking to establish a different contract from the one contained in the written instrument which the parties drew up to evidence their agreement. Nothing of that kind was allowed to be done in the case of Davies v. Bierce, 114 La. 674, 38 So. 488, relied upon as precedent. In that case the writing sued on did not purport to embody the entire contract. Of course, parties are at liberty to enter into as many separate contracts as they please at one sitting, and each contract be provable by whatever evidence may be at hand for the purpose; but where parties, as in this case, draw up a writing to evidence their contract, the contract, as thus evidenced, cannot be added to or detracted from by proof of what may have been said or done before or at the time of the execution of the writing."

The court might well have added the words "or since" to this last sentence which would have made the ruling in entire conformity with the article of the Civil Code.

In Brenner v. Ford, 6 La. App. 654, we find a case involving the application of the same rule of evidence in a suit on a contract of lease. The defendant lessee, when sued on the contract, denied liability on the ground that, by agreement between him and the lessors, the obligation to pay rent would not begin to run until the lessors had made certain improvements on the leased property. The court found that the evidence by which defendant would have to prove such an agreement would vary, modify, or alter the stipulations of the written contract, and consequently ruled it inadmissible.

In Monroe Investment Co., Ltd., v. Ford, 168 La. 475, 122 So. 586, 587, another case involving a contract of lease, the court held parol evidence inadmissible, under Revised Civil Code, 2276, to prove that by verbal agreement, entered into before the signing of the lease, and renewed and confirmed after signing, rent was thereby reduced from $500 to $425 per month, until the lessor had made certain improvements. "It is clear," said the court, "that parol evidence of any prior oral agreement was inadmissible. R. C. C. Art. 2276. On the other hand, any attempt to prove by parol a renewal of said agreement would have been nothing less than an attempt to prove indirectly that which could not have been proved directly. * * *"

It is needless to add further authority to sustain the final ruling of the lower court in this case. The district judge cited many of the decisions referred to in this opinion as well as others that were pertinent to the subject. He was of the opinion that the case of Harvey v. Mouncou, 3 La. App. 231, strongly relied on by the defendant, had no application. He held, however, that, even though it be considered in connection with the issue presented, it did not represent the weight of authority. It would seem that the effect of the holding in that case does support the contentions of the defendant, but, granting that it does, we are not bound by it, but rather by those decisions of the Supreme Court herein cited as well as numerous others that are to the same effect.

The judgment appealed from is hereby affirmed.