This is a suit in which plaintiff seeks to recover the sum of $1,500 alleged to be the amount due by defendant as the purchase price of a certain 1941 model GMC Truck and Nabors Trailer. Writs of sequestration were issued under which the truck in question was seized.
Defendant resisted plaintiff's demands on the ground that the truck was affected with hidden defects of whose existence defendant was not aware at the time of the sale, which defects prevented the truck from performing the services for which it had been purchased, and rendered the same useless to defendant. After trial there was judgment in favor of defendant rejecting plaintiff's demands and dissolving the writ of sequestration, from which judgment plaintiff prosecutes this appeal.
On, February 13, 1947, the parties to this suit entered into an agreement under the terms of which the plaintiff, Rex Kuhlmann, sold to, the defendant, Frank Purpera, a truck and trailer for a total consideration of $1,500 the sum of $1,000 being paid in cash with the obligation to pay the balance of $500 two weeks from the date of the agreement.
The payment of $1,000 was evidenced by check of the defendant but, when presented for payment to the drawee bank, same was refused upon instructions from defendant to stop payment. Whereupon, demands for payment upon defendant by plaintiff being without avail, this suit was instituted.
The truck was purchased by the defendant for use in his logging operations and he contends that plaintiff warranted the truck to be serviceable and satisfactory for such purpose; that after several days' trial it became evident that the truck, because of mechanical defects, was unfit for the use contemplated and desired, whereupon he stopped payment on the check which had been given to plaintiff and advised plaintiff to come and get his truck.
In support of his asserted right to payment of the purchase price plaintiff claims that the only defects affecting the operation of the truck at the time the sale was made were of a minor and inconsequential nature, and that the serious defects with reference to lack of power, defective steering, excessive consumption of oil, etc., asserted by defendant, resulted from the later's *Page 85 
improper use and operation of the truck, which defects, as a fact, did not exist at the time of the sale.
[1] There is no serious issue in this case as to the law applicable. While it is true that plaintiff's counsel contends that the sale was made "as is", he nonetheless makes the correct admission that such fact does not relieve the seller of all warranty but only puts the buyer on notice as to qualifications of the implied warranty in a sale of this nature.
[2] The general law applicable is set forth in Article 2475
of the Civil Code, which provides that the seller is bound to two principal obligations, that of delivering and that of warranting the thing which he sells. It is well established that, warranty being implied in all sales, a vendor warrants the thing sold to be fit for the use for which it was bought, and the sale of movable property, "as is," even though second-hand, does not relieve the vendor of all warranties. Fabacher v. Ghisalberti, 18 La. App. 599, 139.So. 71.
It is therefore evident that the issues in this case resolve themselves into questions of fact for the purpose of determining whether plaintiff qualified his warranty to such extent as relieves him of responsibility for the existing defects, and whether the defects actually existing at the time of the sale were sufficient to relieve defendant of his obligation to purchase.
The record in this case comprehends a mass of detailed testimony, pro and con, with reference to the agreement between the parties, the circumstances surrounding the negotiations for the sale, and the condition of the truck, all of which testimony was carefully analyzed by the able District Judge in a written opinion.
There are certain undisputed facts which may be gleaned from the record and which have a material bearing upon the determination of this matter. The truck in question was of a type described as being a 10-wheel drive, 6x6 G.M.C.-G.I. truck. There is no question as to the fact that both parties to the transaction understood that the truck was being purchased by the defendant for use in logging operations and, therefore, necessarily intended for rough usage.
We think it has been satisfactorily established by the testimony that plaintiff represented the truck as being in good condition and suitable for such use. Therefore, the rights of the purchaser to an avoidance or rescission of the sale would fall under the provisions of Article 2529 of the Civil Code:
"Good faith mistake as to quality of article by seller — Effect. — A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, given rise to a redhibition, if this quality was the principal motive for making the purchase."
The burden of proof which is laid upon the purchaser, the defendant in this action, is plainly set forth in the following codal article, 2530:
"Vice — Existence before sale — Proof. — The buyer who insititutes the redhibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale."
There is no question in our minds as to the adequate discharge of this burden of proof by the defendant in this case. It is established by a vast preponderance of the testimony that the trial runs of the truck made during the period of some two or three days before the actual agreement of sale were unsatisfactory. The defects and vices which were evident at this time consisted principally of stoppage of the gas line, lack of power, and difficulty in steering. And it is equally well established that these defects became more pronounced and that other hidden vices came to light well within three days after the consummation of the negotiations between the parties. These defects and vices consisted of an exaggeration of those which had been noted before the sale, together with the development of a serious lack of power, an unreasonable consumption of oil, and a critical defect in the steering apparatus which, according to the testimony, made the operation of the truck not only difficult but dangerious. There can be no reasonable doubt as to the immediate development of these defects and vices inasmuch as the driver of the truck testified that he refused to continue *Page 86 
in such capacity, and so advised the defendant the day following the sale, at which time defendant notified the bank to stop payment on the check which he had delivered to plaintiff, and sent word to plaintiff to come for his truck.
[3] After careful study of all the testimony in the record, we are convinced that defendant has established that the truck was not suited for the purpose intended, by reason of vices and defects which existed at the time of the sale.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.
KENNON, J., absent.