Plaintiff, alleging that it is the good faith holder and owner for value, brought *Page 504 
this suit on a promissory note secured by chattel mortgage on a 1935 Oldsmobile Fordor automobile. There was judgment in favor of defendant, from which plaintiff has appealed.
The facts show that one H. F. Hunter, a mechanic's helper, who was a fellow employee of the defendant, Robbins, was indebted to plaintiff, which indebtedness was secured by a chattel mortgage on the automobile involved in this suit. Hunter proposed the sale of the car to the defendant, Robbins; an agreement was reached and the two repaired to plaintiff's office where one of plaintiff's officials procured the preparation of the necessary instruments in connection with the transaction. Plaintiff released Hunter from his indebtedness, and, on standard printed forms, prepared a bill of sale transferring the automobile from Hunter to the defendant, Robbins, drew a chattel mortgage, which was executed by Robbins, and supplied a printed promissory note which was made payable to Hunter, signed by Robbins, and on the reverse side endorsed by Hunter to plaintiff. The defendant paid the plaintiff corporation $10 for the services rendered.
On the second day after the transaction above related, while defendant was driving the automobile, the vehicle went out of control, left the road and was practically demolished. On the following morning defendant notified plaintiff of the accident and offered to return the car, which offer was refused.
The defense to plaintiff's demands in this suit is based upon the denial that plaintiff is a holder in due course and, as a consequence, that it is answerable for the alleged redhibitory vices and defects of the automobile purchased by defendant. In the determination of this cause it is therefore necessary to resolve two points; first, whether the plaintiff is the holder in due course of the note sued upon and thereby freed from equitable defenses, and, second, if the first proposition be answered in the negative, whether defendant has established the existence of redhibitory vices and defects to a degree which relieves him of liability on the note given in consideration of the purchase of the vehicle.
We think it is clearly established by the jurisprudence of this State that the transferee of a negotiable note who has actually directed the transaction between vendor and purchaser is precluded from claiming the protection accorded a holder in due course. C. I. T. Corporation v. Emmons, La. App., 197 So. 662; International Harvester Co. v. Carruth, La. App.,23 So.2d 473; General Motors Acceptance Corporation v. Swain, La. App., 176 So. 636.
The evidence in the instant case conclusively establishes the fact that plaintiff was so directly interested and involved in the transaction of purchase that he cannot escape the legal imputation that he stands in the shoes of the vendor.
Proceeding to a consideration of the second point, we find the defendant has established, by a preponderance of the evidence, the fact that the destruction of the vehicle resulted from the failure of a defective coupling rod which in the course of operation of the car gave way, thereby rendering proper steering and consequent control by the driver impossible. The defect manifested itself within three days immediately following the sale, thus establishing the presumption of its existence before the sale, in accordance with the provisions of Article 2530 of the Civil Code.
But it is contended on behalf of plaintiff that the defect was one which might have been discovered upon simple inspection, and therefore did not constitute a redhibitory vice under Article 2521 of the Civil Code.
We think it is plain by reference to the wording of the article in question that the defect complained of in this case did not come within the meaning of "apparent defects" discoverable by "simple inspection", which are the terms used in the Article. The testimony of the witnesses preponderates on the point that the defect existing in the tie rod was not apparent nor was it susceptible of discovery without a thorough inspection.
It is further urged on behalf of plaintiff that the defendant, being an automobile mechanic, was possessed of the means and skill of finding the defects in the vehicle *Page 505 
purchased and, failing to exercise them, he cannot now be heard to complain of alleged misrepresentations, citing Great Eastern Oil Refining Company v. Bullock, 151 La. 209, 91 So. 680; G. J. Deville Lumber Company v. Jaubert, 19 La. App. 48, 139 So. 502.
The facts reflected in the cited cases remove them from any analogy to the present case. We know of no principle which would require an expert mechanic to make a minute examination of the automobile in order to determine the existence vel non of vices and defects.
Finally, we note plaintiff's argument to the effect that defendant could not expect much of a 1935 model automobile. We assume that defendant recognized, by reason of the age of the vehicle, that he would likely be subjected to annoyance, inconvenience and difficulty in maintaining the car in operation, but none of this, in our opinion, would justify the conclusion that he expected the automobile, suddenly and without warning, to leave the road upon which it was traveling and destroy itself on the roadside, subjecting him, incidentally, to serious bodily injury. Such an assumption would be entirely contrary to any standard of human behavior.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.