HARDY, Judge.
Plaintiff sued to recover on an installment promissory note in the principal sum of $194, subject to the recognition of credits amounting to $33, and for recognition of its chattel mortgage on a used 1942 Ford sedan automobile. The defendants, makers of the note, are husband and wife. Plaintiff reserved its rights against one Ollie M. Slaton, alleged to be an accommodation maker on the note. In answer defendants denied liability on the note and set up the details of a three-way transaction, asserting that the car in question had been owned by PI. R. Slaton and his wife, Ollie M. Slaton, who were indebted to plaintiff in an undisclosed amount secured by chattel mortgage on the vehicle; that on or about October 17, 1950, a trade was negotiated by which the Slatons surrendered the automobile to plaintiff in satisfaction of their indebtedness and defendants purchased the automobile from plaintiff, the purchase price being represented by the note sued upon; and, finally, defendants represented that the automobile was worthless by reason of mechanical defects specifically set forth, wherefore, by *917 way of reconvention, they prayed for the recission of the sale and the recovery of the amounts paid on the note. Defendants further prayed that H. R. Slaton, et ux., Ollie M. Slaton, be impleaded in the suit. Pursuant to the granting of this request the Slatons appeared in answer and filed a .general denial to defendants’ 'allegations.
After trial there was judgment rejecting plaintiffs demands and further judgment in favor of defendants, as plaintiffs in reconvention, avoiding, rescinding and annulling the sale of the automobile. Defendants’ demands for the recovery of amounts paid on the note were rejected. From this judgment plaintiff has appealed.
We think the facts are clearly established. The negotiations for the purchase of the automobile in question were conducted exclusively by the defendant wife, Mrs. Jarvis, who desired to purchase the automobile for the use of her husband in going to and from his work, which arrangement would leave her the independent and untrammeled use of the other family automobile. On either the first or the second •day following the purchase the defendant husband began to use the automobile for the purpose noted and continued the use thereof for three consecutive days. On the first occasion Jarvis filled the radiator with water, and, upon making a test, found the oil level to be satisfactory, whereupon he and a companion set out upon a trip from Minden to Springhill. After proceeding about fifteen miles it was observed that the car was running hot and, according to the testimony of these two witnesses, the motor was missing and performing in a generally unsatisfactory manner. Upon stopping at a filling station they again filled the radiator and upon testing the oil level found that it had risen. This process was repeated on each of the two following days. On the third day the car was temporarily abandoned at Spring-hill, after being driven from Minden, by reason of a broken brake lining. After repairs the car was started and driven, with considerable difficulty, back to Min-den and turned over to an automobile mechanic. Again repairs were made but the mechanic advised that in his opinion the trouble might be caused by a broken head gasket. Mrs. Jarvis purchased a gasket and it was intended that the replacement be made by Mr. Jarvis, but after removing the head of the motor Mr. Jarvis found that the block was cracked on both sides. It is clear that this condition accounted for the draining of water from the radiator into the 'block and the consequent rise in the level of oil, which, in accord with the laws of physics relating to specific gravity, formed a layer on top of the water.
 On the other hand it is contended on behalf of plaintiff that the automobile bad performed satisfactorily up to the time of the sale and that the cracked block, if it existed, was the result of the action of the defendant, Jarvis, in pouring cold water into a hot motor. There is some testimony on behalf of witnesses for the plaintiff that the automobile performed satisfactorily during its use prior to the sale, although it was shown that it had not been in use for about a week, more or less, immediately preceding the date of the sale. However, the testimony definitely preponderates in favor of defendants on the point that the automobile never did perform satisfactorily for the purpose for which it was purchased subsequent to their possession thereof. Plaintiff’s contentions as to the cause of the cracking of the block are speculative and argumentative and are not supported by convincing evidence.
Inter alia, it is argued on behalf of plaintiff that one ought not to expect to get a first-class automobile by purchasing a 1942 model car in 19S0 for a consideration of $194. Agreement with this contention does not lessen the responsibility of the seller who impliedly warrants the thing sold to be fit for the use for which it' was purchased. Civil Code, Article 2475.
The evidence in the instant case clearly preponderates in favor of the conclusion that the vice or defect made its appearance within three days immediately following the sale and therefore must be presumed to have existed before the sale. Civil Code, Article 2530.
Cases remarkably similar under the facts and the law applicable to the matter before *918 us were considered by this Court m Kuhlmann v. Purpera, La.App., 33 So.2d 84, and Citizens Loan Corporation v. Robbins, La.App., 40 So.2d 503. In both of the cited cases there was judgment ordering recission of the sales which were the basis for the actions by respective plaintiffs on the purchase price of the vehicles involved.
For the reasons assigned the judgment from which appealed is affirmed at appellant’s cost.
McINNIS, Judge ad hoc, recused.
KENNON, J., not participating.