ROGERS, J.
 

 Plaintiff brought this suit to recover $392.14, the amount of five certain promissory notes given by defendant company in payment of three phonographs (Claxtonolas) which it ordered in writing at the time of the execution of the instruments. In the same document with the order was an agency contract between the parties for the sale of similar machines by the defendant company.
 

 The suit was contested, and liability was denied on the ground that the defendant company was induced to sign the notes and enter into the agreement because of certain representations made by plaintiff’s agent at the time, which representations were not complied with by plaintiff. These alleged representations were, that the phonographs would be delivered at least two weeks before Christmas ; that a salesman would be sent to Louisiana to assist in demonstrating'and selling the instruments; that plaintiff would execute a bond for the faithful performance of the obligations of the contract. Parol evidence was admitted, over plaintiff’s objection, to sustain this defense.
 

 The district court dismissed the suit. Tts judgment was reversed by the Court of Appeal, which held that plaintiff was entitled to recover on the notes.
 

 The Court of Appeal, in its consideration of the case, found the district court erred in admitting parol evidence to sustain the plea that plaintiff had bound itself, through its agent, to deliver the phonographs during the holidays and to send a man to Louisiana to assist in disposing of the instruments. In so ruling, we think the Court of Appeal was correct.
 

 The alleged representations did not form a contemporaneous and collateral argeement as contended for by the defendant company. The written contract between the parties provides that delivery of the phonographs can be made by the plaintiff at its “earliest convenience,” and that “unusual delays from strikes, fires, accidents and other causes beyond our control shall extend the agreement for a like period.” The right was reserved, also, to the plaintjff to send a special salesman into the territory at any time to do field work and promote the sale of Claxtonolas. In direct conflict with these provisions, the alleged oral agreement requires that the instruments be delivered at least two weeks before Christmas, and that a salesman be sent to Louisiana to assist in disposing of the machines during the holidays. Parol evidence to show the parties had entered into a contract different from the one contained in the written instrument was inadmissible. Civ. Code, art. 2276; Hafner Mfg. Co. v Lieber Lbr. Co., 127 La. 348, 53 So. 646.
 

 The case of Davies v. Bierce, 114 La. 663, 38 So. 488, cited by the defendant, is not appropriate to the present controversy.
 

 Relator’s remaining defense is that the bond executed by plaintiff is in fact no bond at all, since it is signed by the individual partners composing the plaintiff firm. We find it unnecessary to pass upon the validity and effect of the so-called bond. It was furnished in connection with the agency contract to guarantee such commissions as might be earned by the defendant company in selling phonographs other than the three originally, purchased. Subsequently, the defendant company, in writing, surrendered its agency, thereby waiving its right to any future commissions. The Court of Appeal took the view, which we think is the correct one, that, since there were no commissions to be protected there was no need for a bond, and that the question of bond under the contract was eliminated when the defendant company re
 
 *499
 
 linquished its agency to sell the plaintiff’s phonographs.
 

 For the reasons assigned, the rule nisi herein issued is discharged, and the judgment of the Court of Appeal is affirmed, at relator’s cost. s