GLADNEY, Judge.
The plaintiff, Mrs. Dollie Green Harts-field, instituted this suit for the purpose of securing judgment for the principal, interest and attorney’s fees due on a $1,500 vendor’s lien mortgage note, identified with a certain notarial act authentic in form and importing a confession of judgment.
The defendant in the proceedings, D. Howard Green, is the son of Dr. B. F. Green and Mrs. Bamma Green, nee Holloway, who died November 1, 1921 survived by her husband and three children, F. Miles Green, G. Wallace Green and defendant. On October 1, 1923 Dr. B. F. Green married Dollie Lewis, plaintiff in the instant case. Dr. B. F. Green died intestate on June 16, 1945.
Plaintiff’s suit was filed on October 27, 1951, and was answered November 26, 1951. Defendant admitted therein his execution of the note and act of mortgage. As a defense he first alleged that simultaneously with the execution of the act of mortgage aforesaid he and plaintiff orally agreed that the consideration for the property described therein should be $1,000, and not $1,500 as stated. He declared this agreement was made in the presence of his brother, G. W. Green and his wife, Lena Green, together with respondent’s wife and R. V. Reeves, the attorney who prepared the legal documents in question. By way of reconvention defendant claims in the settlement of his father’s succession that plaintiff, who had exercised a surviving spouse’s usufruct, appropriated personal property rightfully his to the amount of $2,103.34, which sum offset by the note calculated at $1,000 and interest of $235 left a claim in his favor for $875.
On November 29th, a few days after the answer was filed, plaintiff filed a motion *182 presenting- the issue by rule as to her right to a judgment upon the petition and answer. Respondent then filed a supplemental and amended answer. In this answer respondent attempts to correct the original answer to show that plaintiff had no- usufruct on the community property left by Dr. Green and that she “had made use of personalty of the B. F. Green estate without having any legal right to the enjoyment of said property.” He then reiterated the aver-ments of his original petition claiming a reduction of the note and his entitlement to the sum claimed in reconvention. On January 31, 1952, the day upon which the case was tried on the merits and adjudicated by the trial court, respondent filed still another supplemental answer in which for the first time he alleges that he signed the note and mortgage through error and mistake, declaring that he was then under the belief plaintiff, as the widow of his father, was entitled to one-half of the property of which his father died possessed, -but he has subsequently .learned plaintiff had no interest in the property whatsoever, and the property he purchased from her did not belong to. her. The basis for this conclusion is that the property made the subject matter of the authentic act of sale and mortgage between plaintiff and defendant was part of the community between B. F. Green and defendant’s mother, Mrs. Bamma Green. His position is therefore, that the vendor’s lien mortgage note and the authentic act of sale with which said note is identified was a nullity.
We note in passing, none of the several pleas tendered by the defendant are pleaded alternatively. On January 31, 1952, judgment was rendered awarding plaintiff judgment as prayed for. From the minutes of the court we find that on December 17, 1951, the court denied the motion for judgment on the pleadings. We are advised through plaintiff’s brief that the motion was based on the inadmissibility of parol evidence to-change or vary the terms of the written note and act of mortgage. In furtherance of this objection counsel made timely opposition to the admissibility of parol evidence which, however, was admitted subject to the objections.
By way of summary after carefully ex-ammmg the three answers, we observe that respondent presented for the trial court’s consideration three contentions: (1) it is his claim that plaintiff had no interest in the property she sold to him and, therefore, the note was without consideration; (2) it is claimed that plaintiff failed to account for personal property which rightfully belonged to him in the amount of $2,103.34, which sum- he pleads in compensation to the demands of plaintiff; and (3) he claims when he signed the $1,500 note it was agreed between plaintiff and himself that he should pay only the sum of $1,000. Strangely enough none of these three contentions has been urged -by oral argument or in brief of defendant and appellant filed in this court.
Respondent’s appellate brief is entirely devoted to the following postulation found on page five of the brief:
“Defendant-Appellant alleged in his answer and reconventional demand that the property was not a part of the community between Dr. B. F. Green and Mrs. Dollie Green Hartsfield, and that the foreclosure 'by D. F. Walker and the deed reconveying the property to Dr.. B. F. Green during the time of his marriage with Mrs. Dollie Green, Plaintiff-Appellee herein, was a simulation,, and that same was done for the purpose of clearing the title and to defraud the-minor heirs of their rightful inheritance, and was null and void and of no-effect.”
We confess we find difficulty in harmonizing this statement with the several answers filed on behalf of respondent. In the first supplemental answer, paragraphs four and five thereof, respondent states that though in his original answer he admitted plaintiff had the usufruct of the personal property, upon her remarriage the usufruct ■ ceased. He then alleges plaintiff did not receive the usufruct ¡by law and his admission in his original answer was in error whereupon he proceeds to narrate that she had used such property illegally and unjustly, and respondent was entitled to one-third of the value of said property. In the second supplemental answer, paragraph four there *183 of, the charge was made that “plaintiff was selling property that she did not own and in which she had no interest and that said salé and mortgage (referring to the act of sale and special mortgage from plaintiff to respondent herein) was executed in error, and by mistake and with the fraudulent intent to deprive your respondent of what rightfully belongs to him.” He avers in the succeeding paragraph that his father, Dr. B. F. Green, acquired from John W. Maull on January 14, 1920, by an act of sale and mortgage with assumption of a mortgage executed by J. W. Maull to R. J. Walker, certain property, including that herein affected. He then points out that the acquisition of this property was during the community of acquets and gains between his father and mother. These allegations furr. nish no foundation upon which to predicate evidence relative to the act of simulation discussed in the brief.
In order to better understand the source of plaintiff’s title, we refer to certain instruments produced and filed into the record: John W. Maull to B. F. Green, dated January 14, 1920, sale with assumption' of vendor’s lien note given by Maull to R. J. Walker; B. F. Green to' Federal Land Bank of New Orleans, February 25, 1926, a special mortgage wherein respondent, Dollie Lewis Green, wife of mortgagor, joined in said act for the purpose of a homestead waiver; J. W. Maull to R. J. Walker, dated November 6, 1923, being a sheriff’s deed arising from a foreclosure of the property previously sold by Walker to Maull, and by Maull to B. F. Green; R. J. Walker to B. F. Green, dated November-27, 1925, being an act of sale and mortgage.
It should be observed that the property involved in said transfers described that sold by plaintiff to respondent It was first sold by Walker to Maull, who then conveyed the property to Green with the assumption of mortgage notes held by Walker. In the exercise of his privilege under the pact de non alienando clause of the act of mortgage, a foreclosure suit was then instituted by Walker against Maull, and in this manner Walker re-acquired the property. This foreclosure occurred prior to plaintiff’s marriage to B. F. Green. After holding this-property more than two years Walker then sold to B. F. Green who was at that time married to plaintiff. Following this purchase B. F. Green executed a special mortgage upon said property in favor of the Federal Land Bank.
The first defense pleaded by respondent, after admitting the execution of the $1,500 mortgage note, is that notwithstanding this sobering act, there was an oral agreement that he would pay only $1,-000. Defendant, despite timely objection, was permitted to introduce parol evidence to support this allegation. Clearly such evidence was not admissible and is prohibited by Articles 2236 and 2276 of the LSA-Civil Code.
The authentic act as relates to contracts, is that which has been executed before a notary public or other officer authorized to execute such functions, in the presence of at least two competent witnesses. Article 2234, LSA-C.C. The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs and assigns, unless it be declared and proved.a forgery. Article 2236, LSA-Civil Code. “Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.” Article 2276, LSA-Civil Code. And it is provided in Article 2291 that a judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding. “It amounts to full proof against him who has made it. It can not be divided against him. It can not foe revoked, unless it be proved to have been made through an error in fact. It can not be revoked on a pretense of an error in law.” The Code defines an error of fact as that which proceeds either from ignorance of that which really exists, or from a mistaken belief in the existence of that which has none. Article 1821, LSA-Civil Code. Article 1822, LSA-Civil Code states: “He is under an error of law, who is truly informed of. the existence of facts, but who draws from them erroneous conclusions of law.”
Respondent’s claim for a reduction in the amount of the note is based upon a contem- . *184 poraneous verbal agreement alleged to have been made at the time when the authentic act was executed. Parol evidence of such agreement is clearly inadmissible and no proof should have been permitted to show that prior to giving his signature to the act of mortgage there existed an agreement with plaintiff that he should pay a lesser sum. Articles 2236 and 2276, LSA-Civil Code. Brenard Mfg. Company v. M. Levy, Inc., 1923, 2 La.App. 577, affirmed 161 La. 496, 109 So. 43; Brenard Mfg. Company v. M. Levy, Inc., 1926, 4 La.App. 279, affirmed 161 La. 496, 109 So. 43; Hafner Mfg. Company v. Lieber Lumber & Shingle Company, 1910, 127 La. 348, 53 So. 646.
 A few days after the motion for judgment on the pleadings was filed, and before the same could be tried, respondent filed his first supplemental answer to set up an additional defense. Manifestly, the motion for judgment on the pleadings, having been denied, is not reviewable by this court, The Pleading and Practice Act, Act No. 27 of 1926, LSA-R.S. 13:3601. The next defense urged by respondent is that plaintiff failed to account to him for personal property to which he was entitled from his father’s estate in the sum of $2,103.34. Counsel for plaintiff timely objected that this demand was improperly pleaded and could not rightfully constitute a reconventional demand. The trial court permitted parol evidence relative thereto only to reject this defense after trial. The court properly rejected the reconventional demand. No purpose can be served by reviewing the ruling permitting the introduction of this evidence, which cleairly indicates that a fair and equitable division of the property was had between plaintiff and the children of her husband by a former marriage.
A third defense claimed by respondent was that the note was without consideration. We prefer to discuss at one and the same time this contention with the argument in appellant’s brief that the sale by which Dr. B. F. Green acquired the property during a second mortgage was a simulated act. In discussing these questions we are fully aware the averments in the several answers are insufficient to support an attack on any of the deeds filed in evidence or involved in plaintiff’s title. Article 327 of the Code of Practice provides that if the defendant intends to resist the action by other means than a denial, he must plead the exception expressly and positively in his answer, otherwise he shall not be permitted to avail himself of such exception after-wards. Interpreting this Article our courts have repeatedly held that where fraud and error are relied upon the defendant must specially plead these allegations. See: Aucoin v. Marcel, La.App.1949, 38 So.2d 81; Lee v. Perkins, 1940, 195 La. 939, 197 So. 607; Salmen Brick & Lumber Co., Ltd. v. Peterson, 1908, 121 La. 528, 46 So. 616.
Defendant was permitted to offer testimony that his father, Dr. B. F. Green,, remained in possession of the property during and following the foreclosure suit whereunder Walker became reinvested with title to property he had previously sold to Maull. From this it is argued that the subsequent acquisition of the property by their father during his marriage with plaintiff was a nullity, it being a simulated sale. That act of sale was evidenced by an authentic act.
The error alleged by respondent pertained only to the note herein sued upon by plaintiff. In the second supplemental answer defendant averred that the property involved was part of the community of ac-quets and gains between B. F. Green and Mrs. Bamma Green. There is no proof or evidence that either the foreclosure proceeding by Walker against Maull (and by which Green was deprived of title) of the later transfer from Walker to Green was tainted with fraud or conceived in error. In order for any of the authorities cited by appellant in brief as conclusive of simulation to be considered, proper foundation by pleading and proof must be presented. Here we have neither.
We are not furnished with written-reasons of the judge a quo for rendering the judgment appealed from. The judgment is correct. We are informed the decision was based upon a plea of estoppel. Such a plea, argues respondent’s counsel, must be specifically plead. Inasmuch as the plea of plaintiff is directed at defenses set forth in the several answers to the petition, a *185 written plea is not required. In Sanders De Hart v. Continental Land & Fur Company, Inc., 1944, 205 La. 569, 17 So.2d 827, 833, such a contention was disposed of in this language:
“Estoppel was not pleaded by the plaintiffs, but there was no need for the plaintiffs to interpose such a plea for the reason that the defendants' contention was first raised in their answer. The answer of the defendants was open to every objection of law or fact as if specially pleaded, as replication is not allowed under our law. Keystone Life Insurance Co. of Louisville v. Von Schlemmer, 122 La. 280, 47 So. 606; City of Shreveport v. Chatwin, 139 La. 531, 71 So. 791; Town of Thibodaux v. Stark, 142 La. 375, 76 So. 806."
The plea was leveled at, first, the assertion in the act of sale.and mortgage from plaintiff to defendant that “* * * the undivided one-half interest owned by the said Mrs. Dollie Green being community property with her husband, Dr. B. F. Green”; secondly, the allegation in paragraph five of the original answer wherein the verbage aforesaid was reiterated; and, third, when defendant alleged in the succession proceedings of Dr. B. F. Green “* * * decedent left property all of which was accumulated and acquired during the existence of the community of acquets and gains which formerly existed between him and Mrs. Dollie Lewis Hartsfield.” There is no doubt these solemn judicial admissions estop defendant from questioning plaintiff’s ownership of the property, or his indebtedness stipulated in the act of sale and mortgage evidenced by all the formalities required by Article 2234 of the LSA-Civil Code. Reliance Homestead Association v. Brink, 1931, 173 La. 331, 137 So. 52; Lavigne v. Louisiana Ry. & Nav. Company, 1928, 9 La.App. 509, 121 So. 251; Simmons v. Kelly, La.App.1936, 169 So. 791; Gaines v. Crichton, 1937, 187 La. 345, 174 So. 666; Sandifer v. Sandifer’s Heirs, La.App.1940, 195 So. 118; Gary v. Bullock, 1944, 206 La. 231, 19 So.2d 120.
For the foregoing and, perhaps, unnecessarily lengthy reasons, we are convinced that none of the defenses) suggested by the original and two supplemental answers can avail. Since all but one of the defenses herein considered were not mentioned in appellant’s brief we would have been justified in treating these as abandoned.
The judgment appealed from, is hereby affirmed at appellant’s cost.