HALL, Judge.
Plaintiff filed this suit under the authority of LSA-C.C. Art. 2924 seeking to recover the sum of $4,892.56 which he alleged to be usurious interest paid by him to defendant. Defendant filed an exception of no cause of action to plaintiff’s petition. Pending a hearing on this exception plaintiff filed a supplemental petition. Defendant thereupon filed an exception of no cause of action to the petition as supplemented. Judgment was rendered maintaining this exception and dismissing plaintiff’s suit. Plaintiff appealed.
In his original petition plaintiff alleged that he made three certain loans from defendant : one on October 3, 1966, another on October 18, 1966 and the third on December 16, 1966; that each of the loans was secured by mortgage and that in consideration for making these loans defendant was to receive a bonus of 10%; that the amount borrowed by him on October 3, 1966 was $6,000.00 and that as security therefor he executed a note and mortgage in defendant’s favor for $6,600.00; that the amount borrowed by him on October 18, 1966 was $15,000.00 and as security therefor he executed a note and mortgage in defendant’s favor for $16,500.00, and that on December 16, 1966 he borrowed the sum of $10,000.00 and that as security therefor he executed a note and mortgage in defendant’s favor for $11,000.00; that each of the three mortgage notes executed by him stipulated to bear interest from 8% per annum from date until paid.
Plaintiff further alleged that he has paid all three mortgage notes in full together with interest on each at the rate of 8% per annum from date until paid; that the interest paid by him on the three loans together with the bonuses paid thereon amounted to the sum of $4,896.56 and that under the law and the jurisprudence this constituted usurious interest which he is entitled to recover.
Plaintiff attached to his petition a certified copy of each of the mortgages securing the loans.
By reference to these mortgages it is seen that in the mortgage dated October 3, 1966 plaintiff acknowledged that he was indebted to defendant in the sum of $6,600.- *800 00, in the mortgage dated October 18, 1966 he acknowledged an indebtedness to defendant in the sum of $16,500.00 and in the December 16, 1966 mortgage he acknowledged his indebtedness to defendant in the sum of $11,000.00.
In connection with his petition plaintiff addressed interrogatories to defendant seeking to elicit an admission from defendant that the face amount of the mortgage notes exceeded by 10% the amount actually borrowed and received by him. This was categorically denied by defendant in his answers to the interrogatories.
Defendant’s exception to the original petition was based on -the theory that plaintiff could not be heard to deny, contradict, alter or vary the acknowledgments made by him in the authentic acts of mortgage, absent an allegation of fraud.
Prior to a hearing on this exception plaintiff filed a supplemental petition in which he alleged that the three acts of mortgage “are fraudulent in that each act does not state the true amount lent, but the true respective amounts lent are explained in detail in the original petition herein.” Plaintiff further alleged that “defendant’s purpose in having him sign the said fraudulent mortgages at issue was to attempt to circumvent the usury law of Louisiana.”
As we have seen defendant’s exception to the petition as supplemented was maintained by the Trial Court.
Plaintiff cannot prevail unless permitted to dispute or vary the solemn declarations made by him in the authentic acts of mortgage. An authentic act is full proof of the agreement contained in it (LSA-C.C. Art. 2236) and parol proof cannot be admitted against or beyond what is contained therein nor on what may have been said before or at the time of making it or since (LSA-C.C. Art. 2276) in the absence of a specific averment of error, fraud or ambiguity, Vial v. Moll, 37 La.Ann. 203.
Authentic acts cannot be attacked, except by counter letter, or by interrogatories on facts and articles, or by allegations and proof of fraud or error. Locascio v. First State Bank & Trust Co. of Hammond, 168 La. 723, 123 So. 304; Smith v. Bell, 224 La. 1, 68 So.2d 737.
In Hartsfield v. Green, La.App., 62 So.2d 180 the defendant executed a mortgage note for $1,500.00. Defendant defaulted and plaintiff brought foreclosure proceedings. Defendant contended that he and plaintiff had orally agreed that the consideration for the mortgage was $1,000.00 and not $1,500.-00 as recited in the authentic act. The Court held that parole evidence was inadmissible to prove such an agreement.
Where fraud and error are relied upon to dispute or vary an authentic act the facts constituting such fraud or error must be alleged with particularity. Harts-field v. Green, supra. The circumstances constituting fraud must be alleged with particularity. LSA-C.C.P. Art. 856.
In our opinion the allegations contained in plaintiff’s supplemental petition are mere conclusions and fall far short of setting forth with particularity anything that defendant said or did which constituted the alleged fraud and how it was practiced upon him. It follows that plaintiff cannot be heard to dispute the solemn acknowledgments made by him in the authentic acts of mortgage, and he therefore cannot prevail herein.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by plaintiff-appellant.
Affirmed.