343 So.2d 375 (1977)
Stephen Randal MORRISON
v.
Ernest V. RICHARDS, III and Michael Patrick Psilos.
No. 7884.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1977.
Rehearing Denied March 15, 1977.
Writ Refused May 6, 1977.
*376 Charles E. McHale, Jr., New Orleans, for plaintiff-appellee.
James A. McPherson, New Orleans, for defendant-appellee.
Lee R. Leonard, New Orleans, for defendant-appellant.
Before GULOTTA, SCHOTT and MORIAL, JJ.
MORIAL, Judge.
Plaintiff filed this suit for a partition by licitation of certain real property situated in Jefferson Parish. He claimed the ownership of a one-fourth interest in indivision with defendants Ernest Richards, III, and Michael Psilos. The district court rendered judgment declaring plaintiff and defendant Psilos each to be the owner of a one-fourth (¼) interest in the property and the defendant Richards to be the owner of a one-half (½) interest in the property. Defendant Richards appeals contending that he is the sole owner of the property. We affirm.
Plaintiff claims to have obtained an interest in the property by virtue of a supplemental judgment of possession in the succession of his mother Mrs. Dolores Richards. Mrs. Richards, the wife of defendant Richards at the time of her death, was the mother of plaintiff and defendant Psilos. Prior to their marriage in March 1962, Mr. and Mrs. Richards entered into a prenuptial agreement. They consented not to establish a community of acquets and gains and agreed that any property acquired by either party would remain his or her separate property. In 1972 by an authentic act of sale, in which Dolores Richards and Ernest V. Richards, III are named as co-vendees, the couple purchased the Jefferson Parish property for their home.
Defendant Richards argues that the property was purchased entirely with his separate funds. He introduced his cancelled checks showing that the payments had been made with funds from his separate checking account. He contends that Mrs. Richards did not obtain any legal interest in the property and, therefore, her sons have no basis on which to claim an interest therein.
Plaintiff relies on the authentic act of sale as proof of ownership of an undivided one-half interest in his mother's share of the property. Mrs. Richards was named as co-vendee in the act of sale and signed it as such. Plaintiff argues that parol evidence may not be admitted to controvert the provisions of an authentic act. See LSA-R. C.C. Articles 2275, 2276. In the alternative, plaintiff argues that defendant Richards made a donation of a one-half interest in the property to his wife by virtue of the authentic act.
The district court found that parol evidence was admissible to show the respective interests of the vendees relying on the cases of Oxford v. Barrow, 43 La.Ann. 863, 9 So. 479 (1891); Manning v. Harrell, 59 So.2d 389 (La.App. 2 Cir. 1952); Succession of Washington, 140 So.2d 906 (La.App. 4 Cir. 1962) and Garcia v. Dulcich, 237 La. 359, 111 So.2d 309 (1959). The district judge also held that a rebuttable presumption of a donation arose since the legal requirements for an act of donation had been met. The court found that defendant Richards failed to produce sufficient evidence to rebut the presumption and concluded that a donation had been made to Mrs. Richards. The district court relied heavily on the case of Carter v. U. S. ex rel D. I. R., 399 F.2d 340 (5 Cir. 1968) a tax case with facts similar to the case herein. In Carter a couple had entered into a prenuptial agreement negating a community. After their marriage they jointly purchased real property. The *377 husband paid for the property with his separate funds. However, in Carter both husband and wife testified that a donation of a one-half interest had been made. The court held that they were co-owners of the property.
We find it unnecessary to reach the issue as to whether or not a donation took place. The authentic act of sale before the notary and two witnesses is conclusive proof of the resulting co-ownership of the property by Mr. and Mrs. Richards. An authentic act is full proof of the agreement contained therein and cannot be attacked by parol evidence in the absence of allegations and proof of fraud, error, a counter letter, interrogatories or admissions of facts. Weysham v. Aiavolasiti, 227 So.2d 798 (La.App. 4 Cir. 1969).
Oxford, Manning and Washington relied on by the trial judge only permit the introduction of evidence for the limited purpose of determining the respective interests of co-vendees listed in an authentic act, when such act is silent as to that issue. Defendant Richards should not have been allowed to introduce evidence to contradict what was actually contained in the act, that is, an ownership interest in Mrs. Richards.
The Garcia and Carter cases also relied on by the district court in finding that a donation was made are also distinguishable from this case. In Garcia and Carter all co-vendees judicially admitted that one party had paid the entire consideration and a donation had been made to the other. Parol evidence can be introduced to controvert an authentic act where admissions of fact to the contrary are made by the parties thereto. Elrod v. LeNy, 193 So.2d 299 (La.App. 4 Cir. 1966). In the case herein there have been no such admissions of fact. The co-vendee is deceased and we find no reason to controvert the transaction as reflected by the authentic act of sale. Therefore, we conclude that at the time of sale, Mrs. Dolores Richards became the owner of a one-half interest in the property and such property rights passed into her succession at the time of her death. Accordingly, her legal heirs are entitled to inherit her interest in and to the said property.
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.