PRESTON H. HUFFT, Judge Pro Tem.
On June 18,1982, Mrs. Bernice M. Dohm, a limited partner in the Bridgeman-O’Keefe-Miranne Metairie Towers Partnership (hereinafter “Partnership”), filed suit against Michael H. O’Keefe, Ben Daly Bridgeman, Edmond G. Miranne (hereinafter “Miranne”), Apartment Housing Corporation, Darryl D. Berger, David R. Bur-rus, the Partnership and Joseph E. Berri-gan, Jr. alleging that she sustained damages as a result of various improper acts and breaches of fiduciary duties in connection with the sale by Miranne on September 14, 1981 of his 20.0217% interest in the Partnership to Apartment Housing Corporation for One Million Six Hundred Thousand and 00/100 ($1,600,000.00) Dollars and the sale by the Partnership on September 14, 1981 of its main asset, Metairie Towers Apartments, to Apartment Housing Corporation for Six Hundred Thirteen Thousand Four Hundred Three and 00/100 ($613,-403.00) Dollars in cash, a promissory note for Two Million Three Hundred Thousand and 00/100 ($2,300,000.00) Dollars, the assignment of the 20.0217% interest in the Partnership purchased from Miranne that same day and the assumption by Apartment Housing Corporation of a Five Million Six Hundred Twenty-Nine Thousand Eight Hundred Ninety-Five and 00/100 ($5,629,-895.00) Dollar mortgage. The suit was amended on September 14, 1982 to include Old Metairie, Limited and Willows Apartments, Inc. as defendants.
Subsequently all of the parties except Miranne and Willows Apartments, Inc. reached an agreement and moved for a consent judgment to be executed dismissing Mrs. Dohm’s claims against all defendants except Miranne and Willows Apartments, Inc. This consent judgment was signed by the Trial Judge on December 24, 1986.
On January 23, 1987, in the same proceeding, Miranne filed a Reconventional Demand against Mrs. Dohm seeking as its only objective the nullity of the consent judgment of December 24, 1986 on the grounds that the judgment distributed money belonging to the Partnership to the partners without first paying all creditors. Miranne claimed to be a creditor of the Partnership. Mrs. Dohm was duly served and cited to answer the demand.
In response to the demand, Mrs. Dohm on February 20, 1987 filed an Exception of Vagueness based on the absence of any factual allegations supporting Miranne’s claim as a creditor of the Partnership and an Exception of Nonjoinder of Indispensable Parties based on the failure to join all parties whose rights and interests would be *747 affected by the setting aside and annullment of the consent judgment of December 24,1986. On March 11, 1987 Miranne filed a First Amended Reconventional Demand listing the amounts received by each dis-tributee of the Partnership funds and claimed Mrs. Dohm was liable in solido with the distributees for the return of the funds.
On March 30, 1987, Mrs. Dohm reurged her Exception of Nonjoinder of Indispensable Parties and also filed an Exception of No Right of Action. The exception was based on Ms. Dohm’s contention that Mir-anne had sold all of his interest in and claims against the Partnership to Apartment Housing Corporation on September 14, 1981 and therefore, ■ had no right to proceed against Mrs. Dohm. On July 21, 1987, the Trial Judge sustained the Exceptions of Vagueness and Non-Joinder of Indispensable parties and ordered Miranne to amend his reconventional demand to state with particularity the factual allegations supporting his claim as a creditor of the Partnership and to join as defendants all parties who entered into the consent judgment of December 24, 1986.
On August 10, 1987, Miranne filed a Second Amended Reconventional Demand naming as defendants all parties who entered into the consent judgment of December 24,1986 and alleged that his claim as a creditor was based on advances he made to the Partnership in excess of his capital contribution. The Trial Judge sustained the Exception of No Right of Action on August 27, 1987 and dismissed Miranne’s reconventional demand. Miranne appeals from that judgment.
In his first assignment of error, Miranne argues that the Trial Judge who rendered the judgments of December 24, 1986 and August 27, 1987 did not have the constitutional authority to do so and, therefore, these judgments should be declared null and void. On March 24, 1984, Judge Frederick S. Ellis was assigned by the Louisiana Supreme Court as a “judge of the Civil District Court for the Parish of Orleans for the purpose of assisting with the docket of Division “I” and to perform any other duties as a judge of the Civil District Court for the Parish of Orleans which might be assigned to him under the direction of the court en banc, effective April 1, 1984 through December 31, 1984, subject to the completion of any unfinished business.” According to Miranne, the judgments of December 24, 1986 and August 27, 1987 are null and void because Judge Ellis’ appointment ended on December 31, 1984.
We note that Miranne’s challenge to the judicial authority of Judge Ellis is not procedurally correct. The authority of an ad hoc judge to act may only be challenged by petition for a Writ of Quo Warranto. City of Baton Rouge v. Cooley, 418 So.2d 1321 (La.1982).
However, although the challenge is procedurally improper, it is clearly without merit in that the Louisiana Supreme Court order appointing Judge Ellis to sit on the Civil District Court stated that his appointment was from April 1, 1984 through December 31, 1984 “subject to the completion of any unfinished business.” Therefore, Judge Ellis had proper authority to render judgments in this case after December 31, 1984 in order to complete this matter which he handled during his appointment.
In his second assignment of error, Mir-anne argues that the Trial Judge erred in concluding that the Act of Sale of September 14, 1981 by Miranne to Apartment Housing Corporation included not only Mir-anne’s 20.0217% interest in the Partnership but all claims he had against the Partnership.
The September 14, 1981 act of sale conveyed all of Miranne’s right, title and interest in the Partnership; Apartment Housing Corporation was held harmless from any liability arising out of Miranne’s interest in the Partnership; Apartment Housing Corporation was released from any claim Mir-anne had for any capital investment, partnership earnings, undistributed funds, or other monies owed to Miranne by the Partnership arising out of the operations of the Partnership and Miranne was held harmless from any claim, liability or undebtedness owed by Miranne to the Partnership *748 arising out of the operations of the Partnership.
On December 21,1983, Miranne gave the following answers to interrogatories propounded to him by Mrs. Dohm relative to her claim that the One Million Six Hundred Thousand and 00/100 ($1,600,000.00) Dollars received by Miranne from Apartment Housing Corporation on September 14, 1981 was greatly in excess of Miranne’s proportional interest in the Partnership when compared with what the remaining partners were to receive from the September 14, 1981 sale of the Metairie Towers Apartments to Apartment Housing Corporation:
INTERROGATORY NO. 1
Identify each interest sold by you on September 14,1981 and “included” in the “price of the sale of [your] interest in the Partnership,” as alleged in paragraph 10 of your answer.
ANSWER NO. 1
Edmond G. Miranne sold all of his partnership interest as a general partner together with all claims that he had or might have had against the partnership. The claims which he sold were primarily loan repayments and other payments made on behalf of the partnership while he was a general partner.
INTERROGATORY NO. 3
For each interest identified in your answer to Interrogatory No. 1, state:
(a) the value of the interest as of September 14, 1981.
ANSWER NO. 3
(a) The only interest sold by Edmond G. Miranne on September 14, 1981 was his interest as a general partner in the partnership together with any and all claims he may have against the partnership. The value of the interest as general partner and the value of the claims total 1.6 million dollars.
INTERROGATORY NO. 9
Describe each transaction between you and the Partnership or any of its partners, including, but not limited to, each capital contribution to the partnership, each loan to or from the partnership, and each distribution from the partnership, identifying or stating for each transaction.
ANSWER NO. 9
Although we cannot be absolutely certain that the following lists of loans to the partnership would be all inclusive, on information and belief, the following loans were made to the partnership.
* * * — see note[1]
This answer is made to the best of our knowledge at this time, however, it should be clear that the interest that Mr. Miranne would have in any claims against the partnership was in fact sold with this general partnership interest to Apartment Housing Corporation on September 14, 1981.
INTERROGATORY NO. 12
Identify each offer to purchase any of the interests sold by you in the transaction of September 14, 1981, referred to in paragraph 10 of your answer, made by Darryl Berger and/or Dave Burrus and/or Apartment Housing Corporation and/or Old Metairie, Ltd., stating the terms and conditions of each such offer as well as the terms and condition for each counter-offer.
ANSWER NO. 12
As previously stated, Edmond G. Mir-anne, Sr. sold only his interest as a general partner and any claims that he had against the partnership.
INTERROGATORY NO. 19
Identify any balance owed to you by the Partnership as of the date of your response to these interrogatories.
*749 ANSWER NO. 19
None.
In April 1987, Miranne amended the answer he had given on December 21,1983 to Interrogatory No. 1 as follows:
ANSWER NO. 1
On August 24, 1981 Miranne agreed to sell all of his partnership interest as a general partner together with all claims that he had or might have against the partnership. The claims Miranne agreed to sell were primarily loan repayments and other payments made on behalf of the partnership while he was a general partner. Subsequent to Miranne’s agreement to sell AHC elected not to buy such claims as more fully appears from the act of sale of partnership interest dated September 14,1981 previously filed herein.
Miranne asserts that the Trial Judge erred in sustaining Mrs. Dohm’s Exception of No Right of Action because the September 14, 1981 act of sale does not indicate on its face that he sold his claims against the Partnership and that his answers to the interrogatories may not be introduced to vary the terms of the act of sale. We find no merit in either of these assertions, Even assuming that the face of the act of sale is not conclusive as to what Miranne sold on that 14th day of September 1981 his admissions in his answers to the interrogatories were admissible to prove that he sold all of his claims against the Partnership. Morrison v. Richards, 343 So.2d 375 (La.App. 4th Cir.1977); writ denied, 345 So.2d 503 (La.1977).
We affirm the Trial Judge’s sustaining of the Exception of No Right of Action and the dismissal of the Reconventional Demand.
AFFIRMED.

. In his answer to Interrogatory No. 9, Miranne listed 9 loans he had made to the Partnership. Seven of these same loans are listed in his Second Amended Reconventional Demand of August 10, 1987 as the basis for his claim as a creditor of the partnership.